**Robert W. HOSEY, Appellant,**

v.

**The COUNTY OF VICTORIA c/o Sheriff Dalton Meyer and Michael Pfiel, LVN, Appellee.**

**No. 13–91–094–CV.**

Court of Appeals of Texas, Corpus Christi.

June 4, 1992.

Robert W. Hosey, pro se.

James G. Souffer, Jr., Mark Rains, Victoria, for appellee.

Before NYE, C.J., and DORSEY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

DORSEY, Justice.

This is an appeal from the dismissal of appellant's cause of action for want of prosecution. Appellant, appearing *pro se,* contends by one point of error that the court abused its discretion by dismissing the action. We reverse the judgment of the trial court.

Appellant Hosey is currently imprisoned in the Texas Department of Criminal Justice—Institutional Division. He filed, *pro se,* a medical malpractice and negligence suit against Victoria County, Sheriff Dalton Meyer, and appellee Michael Pfiel on November 13, 1989, requesting a jury trial. Appellant asserted that his cause of action accrued on November 19, 1987, when Pfiel allegedly performed unauthorized, negligent surgery on Hosey's left eye. The defendants filed their original answers on November 30, 1989. Hosey filed an affidavit of inability to pay costs on January 29, 1990, and on February 7, 1990, he filed a motion for production of records and documents. On April 16, 1990, Hosey filed a motion requesting that he be permitted to appear at all hearings in the case, and that he be delivered to the Victoria County Jail to better enable him to appear. No ruling on the motion appears in the record. The court granted summary judgment in favor of the County and the Sheriff on June 12, 1990, and on July 30, 1990, those two defendants moved to have the actions against them severed from Hosey's action against Pfiel. The record is devoid of a ruling on this motion as well. Appellant filed a motion for summary judgment against Pfiel on January 1, 1991.

On January 7, 1991, the court mailed a dismissal docket letter to Hosey and to Pfiel's attorney, stating that all jury trials for which fees were paid prior to July 1, 1989, and all non-jury trials filed before January 1, 1990, were set for trial on the

merits, to be dismissed for want of prosecution if not tried. Pfiel responded to the motion for summary judgment on January 11, 1991. On January 21, 1991, the trial court set this case for trial on the merits. Hosey failed to appear. The court signed an order dismissing his claim for want of prosecution on January 22, 1991. The order appears in the record.

Hosey contends that he received notice that his case was dismissed but claims that he did not know it was dismissed for want of prosecution. Hosey believed at the time that the case was dismissed because the court found it frivolous. Therefore, he requested findings of fact and conclusions of law on February 5, 1991, which the court refused to make and file. Only when he read the appellee's brief, filed April 30, 1991, did he understand why his case was dismissed. Nevertheless, Hosey filed notice of appeal on February 15, 1991. Appellee contends that Hosey failed to preserve error on appeal by failing to timely file a motion to reinstate his case with the trial court pursuant to Tex.R.Civ.P. 165a(3).

■ No authority supports appellee's contention that a motion to reinstate must be filed in order to perfect appeal from a dismissal for want of prosecution. The appeal from such a dismissal is taken from the order of dismissal, not from the court's ruling on the motion to reinstate. *Estate of Bolton v. Coats,* 608 S.W.2d 722, 725 (Tex.Civ.App.—Tyler 1980, writ ref'd n.r.e.). In *Coats,* the action was dismissed for want of prosecution on January 10, 1979. A motion for reinstatement was filed on January 17, and before that motion was ruled on by the court, an appeal was perfected on February 7. The motion to reinstate was overruled on February 8. No appeal bond was filed thereafter. The court held that the dismissal order was the final judgment for purposes of appeal. *Id.* at 724–25.

■ We find the necessity of a motion to reinstate analogous to a motion for new trial. When it is necessary to develop facts that otherwise do not appear on the record, a motion for new trial and an evidentiary

hearing developing those facts is required. Similarly, if facts outside the existing record are necessary, a motion to reinstate and hearing would be a prerequisite. However, Hosey does not require evidence outside the transcript provided by the District Clerk. Accordingly, a motion to reinstate and hearing is not required to perfect his appeal.

Although he did not file a motion to reinstate, Hosey timely filed his notice of appeal and affidavit of inability to pay costs on January 30, 1990, within thirty days of the signing of the dismissal order, pursuant to TEX.R.APP.P. 41(a)(1). Hosey perfected an appeal from the dismissal order, the final judgment for purposes of appeal.

The issue on appeal is whether the trial court abused its discretion when it dismissed Hosey's case for want of prosecution. *Arguelles v. Kaplan*, 736 S.W.2d 782, 785 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.); *Christopher v. Fuerst*, 709 S.W.2d 266, 269 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *McCormick v. Shannon West Texas Memorial Hosp.*, 665 S.W.2d 573, 575 (Tex.App.—Austin 1984, writ ref'd n.r.e.); TEX.R.CIV.P. 165a. The well-settled standard we apply to determine abuse of discretion is whether the court acted without regard for guiding rules and principles, *i.e.*, whether the court acted arbitrarily and unreasonably. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

The trial court has the inherent power to dismiss a case for want of prosecution. *Frenzel v. Browning-Ferris Indus., Inc.*, 780 S.W.2d 844, 845 (Tex.App.—Houston [14th Dist.] 1989, no writ); *McCormick*, 665 S.W.2d at 575. TEX. R.CIV.P. 165a similarly empowers the court to dismiss cases for the same reason. The burden rests upon the party asserting an abuse of discretion to affirmatively show the abuse, as the trial court is presumed to have acted properly. *Fulmer v. Barfield*, 480 S.W.2d 413, 415 (Tex.Civ.App.—Tyler 1972, writ dism'd); *Finley v. Finley*, 410 S.W.2d 818, 820 (Tex.Civ.App.—Tyler 1967, writ ref'd n.r.e.). When the face of the record does not show an abuse of discretion, the appellant has failed to meet its burden of proof. *Finley*, 410 S.W.2d at 820.

When an unreasonable delay in activity occurs in the prosecution of a case, it is presumed that the action has been abandoned. *Denton County v. Brammer*, 361 S.W.2d 198, 202 (Tex.1962) (Calvert, J., dissenting). When this delay has not been sufficiently explained, the presumption of abandonment is conclusive and the case will be dismissed. *Brammer*, 361 S.W.2d at 202. Texas Rule of Civil Procedure 165a(2) declares that cases not disposed of within the time standards promulgated by the Supreme Court under its administrative rules may be placed on a dismissal docket. These Supreme Court guidelines provide the prima facie standard for what is unreasonable. Further, Rule 165a(1) permits the dismissal of a case when the party seeking affirmative relief fails to appear at a hearing or trial for which that party had notice. Finally, when the court asserts its inherent power to dismiss a case, the test to be applied in determining whether the case was properly dismissed is whether the case was prosecuted with due diligence. *Bard v. Frank B. Hall & Co.*, 767 S.W.2d 839, 843 (Tex.App.—San Antonio 1989, writ denied); *Phillips v. Welch*, 749 S.W.2d 286, 288 (Tex.App.—Fort Worth 1988, no writ). Factors to be considered are the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and excuses for any delays. *Bard*, 767 S.W.2d at 843.

The record reflects that the trial court applied the Supreme Court standards when dismissing Hosey's case. The Court's timetable for the disposition of a jury trial is 18 months from the appearance date, the amount of time deemed to be reasonable for the disposition of such cases. Hosey's case was dismissed after it had been on file for only 14 months. The trial court did not follow the Supreme Court's disposition guidelines.

Rule 165a(1) also allows dismissal for failure to appear at a hearing or trial

after notice of intent to dismiss is received. The court mailed Hosey a Dismissal Docket Letter which read in part,

> all civil non-jury cases filed prior to January 1, 1990 and all cases in which a jury fee has been paid prior to July 1, 1989 are set for trial on their merits for 9:00 A.M. on January 21, 1991 and shall be dismissed for want of prosecution, if not tried.

Hosey properly requested a jury trial in his original petition, which he filed November 13, 1989, and filed his uncontested Affidavit of Inability to Pay Costs on January 30, 1990. TEX.R.CIV.P. 216. The affidavit was filed in lieu of the required jury fee. TEX. R.CIV.P. 145, 216(b). Hosey was entitled to a jury trial when he met both Rule 216 criteria.

■ However, the trial court applied its time standard applicable to non-jury trials when it dismissed Hosey's case. The court's dismissal order read in part,

> On this 21st day of January, 1991, it appearing to the Court that written notice was given ... that all Civil cases filed prior to January 1, 1990, would be dismissed for lack of prosecution ... IT IS ORDERED AND DECREED by the Court that this case, which is pending on the civil docket ... is hereby dismissed....

The court's dismissal docket letter notified Hosey that his jury trial action would be dismissed if he paid jury fees before July 1, 1989. Because Hosey filed his affidavit in lieu of jury fees on January 30, 1990, his case did not fall within the court's established time frame for the dismissal of jury cases. The dismissal docket letter consequently failed to notify Hosey that his case was among those the court intended to set for trial and ultimately dismiss. The letter was inadequate, and, in effect, served as no notice at all. The court abused its discretion when it dismissed Hosey's action for want of prosecution without providing him with notice of its intent to do so.

■ Hosey provided a transcript on appeal, which we have carefully reviewed. Hosey prosecuted this case diligently. After filing suit in November, 1989, he requested a jury trial and filed his affidavit of inability to pay costs. He filed a motion for production in February, and a request to attend all hearings in the case in April. Two of the defendants severed their causes from Pfiel's in order to obtain final judgments in July. Hosey then filed a motion for summary judgment against Pfiel on January 2, 1991, five days before the court sent the dismissal docket letter. After this notice of intent to dismiss was mailed, Pfiel responded to Hosey's motion for summary judgment on January 11, 1991. This case was not inactive at the time the court sought to dismiss it, and we do not find from the record that the case was prosecuted with less than due diligence.

This case remained within the Supreme Court's disposition standards, and Hosey prosecuted the case with due diligence. The court abused its discretion when it dismissed the action for want of prosecution.

■ One has a right to represent oneself in civil litigation in Texas courts. However, if one does so, the litigant cannot disregard the rules of procedure that insure due process to all litigants and provide for the orderly administration of justice. Indeed, one's personal circumstances may prevent his personal appearance in court for hearings or trial in the ordinary course of proceedings. His inability to attend proceedings and otherwise personally participate in the trial of the case does not require the court to continue the action for the convenience of the litigant. Whether to continue the case on the docket and pass a setting for trial is within the sound discretion of the trial judge. Similarly, if a case is called for trial and no appearance is made, the action is subject to dismissal. Circumstances, such as imprisonment, may make it impossible for a litigant to represent himself. When that is so, counsel is required, at the peril of losing the opportunity, to litigate the grievance.

The judgment of the trial court is REVERSED, and the case REMANDED for trial on the merits.