SOUTH MAIN BANK, Relator,

v.

The Honorable Don WITTIG, Judge, 125th Judicial District, Harris County, Texas, Respondent.

No. 14–95–00643–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 5, 1995.

William T. Green, III, Houston, for appellants.

Roger P. Balog, Houston, for appellees.

Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

## OPINION

AMIDEI, Justice.

South Main Bank seeks a writ of mandamus directing the respondent, the Honorable Don Wittig, to set aside his order of January 23, 1995 reinstating the case after dismissal for want of prosecution. We conditionally grant the writ.

On December 19, 1994, the case styled *Baxter & Swinford, Inc. v. South Main Bank and Ashland Investment Company,* was dismissed for want of prosecution. The case was dismissed after a jury verdict was rendered, but before entry of final judgment. On December 27, 1994, Baxter & Swinford, Inc. filed a motion to reinstate and enter judgment. This motion was not verified. On January 23, 1995, the trial court entered an order granting the motion to reinstate and vacating the order dismissing the case for want of prosecution. On the same date, the trial court entered final judgment in favor of the plaintiff, Baxter & Swinford.

Relator contends the trial court abused its discretion in granting an unverified motion to reinstate. Relator further argues that it need not show it has an adequate remedy by appeal because the trial court's order is void.

■ The real party in interest, Baxter & Swinford, Inc., argues that we need not address the verification issue because the dismissal order itself was invalid for lack of notice and an opportunity to be heard. Certainly, Rule 165a(1) requires notice to all attorneys of the trial court's intention to dismiss the case. Nevertheless, Baxter & Swinford filed a motion to reinstate eight days following dismissal. Thus, Baxter & Swinford received actual notice of the dismissal in time to allow their due process right to be heard regarding the dismissal. *See Estate of Bolton v. Coats*, 608 S.W.2d 722, 729 (Tex.Civ.App.—Tyler 1980, writ ref'd n.r.e.). Under these circumstances, notice was adequate. *Id.*

■ A trial court has plenary power to reinstate a case on its own motion within 30 days after the order of dismissal is signed. *Neese v. Wray*, 893 S.W.2d 169, 170 (Tex. App.—Houston [1st Dist.] 1995, no writ); *City of McAllen v. Ramirez*, 875 S.W.2d 702, 704 (Tex.App.—Corpus Christi 1994, no writ); TEX.R.CIV.P. 329b(d). Rule 165a(3) requires verification by the movant or the movant's attorney of a motion to reinstate. TEX.R.CIV.P. 165a(3); *McConnell v. May*, 800 S.W.2d 194, 194 (Tex.1990) (per curiam). A verified motion to reinstate extends the trial court's plenary power until 30 days after such timely filed motions are overruled, either by a written, signed order or by operation of law. TEX.R.CIV.P. 165a(3). An *unverified* motion to reinstate does not extend the trial court's plenary jurisdiction. *City of McAllen*, 875 S.W.2d at 704.

■ In the instant case, the trial court reinstated the case after its plenary power had expired, i.e., more than 30 days after the order of dismissal. Although a motion to reinstate was filed in this case, the motion did not meet the requirements of Rule 165a(3) in that it was not verified. Because the movant filed an unverified motion to reinstate, it did not operate to extend the trial court's plenary power beyond the 30–day period following entry of the order of dismissal. *See McConnell v. May*, 800 S.W.2d 194, 194 (Tex.1990) (per curiam); *City of McAllen*, 875 S.W.2d at 704.

■ Mandamus may issue to correct a clear abuse of discretion or a violation of a legal duty. *State v. Walker*, 679 S.W.2d 484, 485 (Tex.1984). We hold the trial court abused its discretion in signing the order reinstating the case on January 23, 1995, more than 30 days after the signing of the order of dismissal. Having found the trial court abused its discretion, we must next determine whether relator has an adequate remedy at law precluding the availability of extraordinary relief. In *McConnell*, the supreme court conditionally granted writ of mandamus in a nearly identical situation, but the court did not address the requirement of an adequate remedy at law. In *Walker v. Packer*, 827 S.W.2d 833, 842 (Tex.1992), however, the supreme court specifically disapproved of any authorities abolishing or relaxing the requirement of an adequate remedy at law.

■ Texas law has long held that mandamus will issue where the trial court's order is void and that it is unnecessary for a relator to pursue other available remedies. *See Buttery v. Betts*, 422 S.W.2d 149, 151 (Tex.1967); *Amateur Athletic Foundation v. Hoffman*, 893 S.W.2d 602, 603 (Tex.App.—Dallas 1994, orig. proceeding). An order of reinstatement entered after the expiration of the court's plenary power is void because the trial court is without jurisdiction. *See Walker v. Harrison*, 597 S.W.2d 913, 915 (Tex.1980). Thus, the January 23, 1995 order reinstating the instant case was void and mandamus is an appropriate remedy.

We conditionally grant the writ of mandamus. The writ will only issue if the trial court refuses to vacate its order of January 23, 1995.