TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00331-CV






Damon Downs a/k/a Barney Joe Donalson, Jr., Appellant



v.



Texas Board of Pardons and Paroles, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 94-11974, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING 







 Damon Downs, an inmate in the Texas Department of Corrections, appeals from the trial
court judgment dismissing his cause. We will modify the trial court judgment and, as modified, affirm.


Procedural History



 Downs filed his original petition in September 1994. Downs's last activity in the cause
occurred in December 1994. In November 1996, defendant Texas Board of Pardons and Paroles (the
Board) moved to dismiss the cause for want of prosecution based on failure to comply with the applicable
time standards for disposing of cases. See Tex. R. Jud. Admin. 6(b). The court signed an order granting
the Board's motion to dismiss on January 9, 1997. On February 10, 1997, Downs filed an unverified
motion to reinstate. (1) See Tex. R. Civ. P. 165a(3)(motion to reinstate must be verified). The record does
not contain, nor does the docket sheet show, an order reinstating the cause. Nevertheless, the record
contains a second judgment, signed February 20, 1997. Downs filed his perfecting instrument, an affidavit
of inability to pay, on February 25, 1997. We now consider the effect of Downs's unverified motion to
reinstate and the issue of which judgment was the one from which appeal should have been perfected.


Motion to Reinstate



 The trial court granted the motion to dismiss based on a failure to meet the time standards
for disposition of cases. See Tex. R. Civ. P. 165a(2). Whether the trial court dismisses a cause for want
of prosecution for one of the grounds enumerated in Rule 165a or under its inherent power to control its
docket, Rule 165a controls the procedure to reinstate the cause. See Gilbert v. Huber, Hunt, Nichols,
Inc., 671 S.W.2d 869, 870 (Tex. 1984). Under Rule 165a, all motions to reinstate must be verified and
filed with the clerk of the appropriate court within 30 days of the signing of the order of dismissal. See
McConnell v. May, 800 S.W.2d 194, 194 (Tex. 1990); Butts v. Capitol City Nursing Home, Inc., 705
S.W.2d 696, 697 (Tex. 1986); South Main Bank v. Wittig, 909 S.W.2d 243, 244 (Tex. App.--Houston
[14th Dist.] 1995, orig. proceeding). The filing of an unverified motion to reinstate does not extend the trial
court's plenary power. See McConnell, 800 S.W.2d at 194; Wittig, 909 S.W.2d at 244. The trial court
may, within the period of its plenary power, order a cause reinstated even if no motion to reinstate is filed. 
See Wittig, 909 S.W.2d at 243. An order reinstating a cause must be in writing and signed during the trial
court's period of plenary power. See Emerald Oaks Hotel/Conference Center, Inc. v. Zardenetta, 776
S.W.2d 577, 578 (Tex. 1989).

 Because Downs did not file a verified motion to reinstate, the trial court lost plenary power
on February 10, 1997, thirty days after it signed the judgment of dismissal. There is no order reinstating
the cause signed within the trial court's plenary power. Therefore, the judgment signed January 9, 1997
became final and the judgment signed February 20, 1997, is void. The timetable for perfecting appeal
began to run from the signing of the January 9, 1997 judgment. An unverified motion to reinstate does not
extend the appellate timetables. Butts, 705 S.W.2d at 697; City of McAllen v. Ramirez, 875 S.W.2d
702, 704-5 (Tex. App.--Corpus Christi 1994, orig. proceeding). Accordingly, Downs's perfecting
instrument was due February 10, 1997, with any motion for extension due February 25, 1997. He filed
his affidavit of indigence February 24, 1997 and filed no motion for extension of time. Before the decision
of the Texas Supreme Court in Verburgt, this Court would have dismissed the appeal for lack of
jurisdiction based on late perfection. See Verburgt v. Dorner, 959 S.W.2d 615, 615 (Tex. 1997) (good
faith filing of document within time period for motion for extension is implied motion for extension). Under
Verburgt, this Court must give Downs the opportunity to supply a reasonable explanation for his late filing
before rendering any judgment of dismissal. In the interests of judicial economy, we will deem an adequate
explanation given by the circumstances of this cause with its two judgments (2) and consider Downs's appeal
timely perfected as to the January 9, 1997 judgment that dismissed his cause for want of prosecution.


Dismissal for Want of Prosecution



 The decision to dismiss a case for want of prosecution rests within the sound discretion of
the trial court, and can be disturbed on review only if it amounted to a clear abuse of discretion. See State
v. Rotello, 671 S.W.2d 507, 508-9 (Tex. 1984); Bevil v. Johnson, 307 S.W.2d 85, 87 (Tex. 1957). 
A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, or when it acts
without reference to any guiding principles. See Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226
(Tex. 1991); Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert.
denied, 476 U.S. 1159 (1986); see generally Landon v. Jean-Paul Budinger, 724 S.W.2d 931, 934-36
(Tex. App.--Austin 1987, no writ). This Court may not reverse for abuse of discretion merely because
we disagree with the trial court's decision. See Buller, 806 S.W.2d at 226; Downer, 701 S.W.2d at 242. 
The burden of proof rests upon a litigant asserting an abuse of discretion because the appellate court
presumes that the trial court action was justified. See Hosey v. County of Victoria, 832 S.W.2d 701, 704
(Tex. App.--Corpus Christi 1992, no writ); Fulmer v. Barfield, 480 S.W.2d 413, 415 (Tex. Civ.
App.--Tyler 1972, writ dism'd w.o.j.).

 When deciding whether to dismiss a case for want of prosecution, the trial court may
consider the entire history of the case, including the amount of activity in the case, the length of time the case
was on file, requests for a trial date, and the existence of reasonable excuses for delay. See Bilnoski v.
Pizza Inn, Inc., 858 S.W.2d 55, 58 (Tex. App.--Houston [14th Dist.] 1993, no writ); City of Houston
v. Malone, 828 S.W.2d 567, 568 (Tex. App.--Houston [14th Dist.] 1992, no writ). The time standards
promulgated by the Supreme Court call for non-jury cases to be disposed of within twelve months and jury
cases to be disposed of within eighteen months. See Tex. R. Jud. Admin. 6(b)(2). Not only had this cause
been on file since September 1994, but also a period of almost two years without any activity had elapsed
before the motion to dismiss was filed. Cases have been dismissed based on shorter periods of inactivity. 
E. g., City of Houston v. Robinson, 837 S.W.2d 262, 265 (Tex. App.--Houston [1st Dist.] 1992, no
writ) (one year, no activity after filing); Bard v. Frank B. Hall & Co, 767 S.W.2d 839, 843-44 (Tex.
App.--San Antonio 1989, writ denied) (thirty months from filing to dismissal; eight months of dormancy);
Ozuna v. Southwest Bio-Clinical Laboratories, 766 S.W.2d 900, 902 (Tex. App.--San Antonio 1989,
writ denied) (nineteen months of inactivity; three years on file). An unexplained unreasonable delay in
activity in prosecuting a case creates a presumption of abandonment. See Hosey v. County of Victoria,
832 S.W.2d 701, 704 (Tex. App.--Corpus Christi 1992, no writ). The Hosey court has held that the time
standards promulgated by the Texas Supreme Court provide a prima facie standard for what is
unreasonable. See Hosey, 832 S.W.2d 704. A simple expression of a desire to continue the cause or a
declaration of a lack of intent to abandon the cause does not preclude it from being dismissed for want of
prosecution. See City of Houston, 837 S.W.2d at 264; Levermann v. Cartall, 715 S.W.2d 728, 729
(Tex. App.--Texarkana 1986, writ ref'd n.r.e.).

 Downs did not respond to the motion to dismiss. His motion to reinstate offered no
explanation for the delay; he conclusorily stated that "the file" showed he had taken all steps to prosecute
his case. Downs's motion to reinstate is comparable to a simple expression of a desire to continue that
does not defeat a dismissal for want of prosecution. Given the time standards, we cannot say that the trial
court acted arbitrarily and without reference to any guiding standards. We hold that the trial court did not
abuse its discretion in dismissing this cause for want of prosecution. However, a dismissal for want of
prosecution must be without prejudice. See Attorney General v. Abbs, 812 S.W.2d 605, 608 (Tex.
App.--Dallas 1991, no writ); Collins v. Flatte, 614 S.W.2d 580, 582 (Tex. Civ. App.--Texarkana
1981, no writ). Because this judgment dismisses the cause with prejudice, we will modify the judgment
to delete the phrase "with prejudice" and, as modified, affirm the trial court judgment of January 9, 1997. 
See Tex. R. App. P. 43.2(b) (court of appeals may modify trial court judgment and affirm as modified).



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Modified and, as Modified, Affirmed

Filed: July 30, 1998

Do Not Publish

1. Downs filed a motion to reinstate and a motion for withdrawal of the order dismissing his cause for
want of prosecution. Neither motion was verified, even under the special rules for prisoner verification
allowing unsworn declarations. See Tex. Civ. Prac. & Rem. Code Ann. §§ 132.001-132.003 (West
1997).
2. Down's February 24, 1997 filing was timely with regard to the February 20, 1997 judgment.


 476 U.S. 1159 (1986); see generally Landon v. Jean-Paul Budinger, 724 S.W.2d 931, 934-36
(Tex. App.--Austin 1987, no writ). This Court may not reverse for abuse of discretion merely because
we disagree with the trial court's decision. See Buller, 806 S.W.2d at 226; Downer, 701 S.W.2d at 242. 
The burden of proof rests upon a litigant asserting an abuse of discretion because the appellate court
presumes that the trial court action was justified. See Hosey v. County of Victoria, 832 S.W.2d 701, 704
(Tex. App.--Corpus Christi 1992, no writ); Fulmer v. Barfield, 480 S.W.2d 413, 415 (Tex. Civ.
App.--Tyler 1972, writ dism'd w.o.j.).

 When deciding whether to dismiss a case for want of prosecution, the trial court may
consider the entire history of the case, including the amount of activity in the case, the length of time the case
was on file, requests for a trial date, and the existence of reasonable excuses for delay. See Bilnoski v.
Pizza Inn, Inc., 858 S.W.2d 55, 58 (Tex. App.--Houston [14th Dist.] 1993, no writ); City of Houston
v. Malone, 828 S.W.2d 567, 568 (Tex. App.--Houston [14th Dist.] 1992, no writ). The time standards
promulgated by the Supreme Court call for non-jury cases to be disposed of within twelve months and jury
cases to be disposed of within eighteen months. See Tex. R. Jud. Admin. 6(b)(2). Not only had this cause
been on file since September 1994, but also a period of almost two years without any activity had elapsed
before the motion to dismiss was filed. Cases have been dismissed based on shorter periods of inactivity. 
E. g., City of Houston v. Robinson, 837 S.W.2d 262, 265 (Tex. App.--Houston [1st Dist.] 1992, no
writ) (one year, no activity after filing); Bard v. Frank B. Hall & Co, 767 S.W.2d 839, 843-44 (Tex.
App.--San Antonio 1989, writ denied) (thirty months from filing to dismissal; eight months of dormancy);
Ozuna v. Southwest Bio-Clinical Laboratories, 766 S.W.2d 900, 902 (Tex. App.--San Antonio 1989,
writ denied) (nineteen months of inactivity; three years on file). An unexplained unreasonable delay in
activity in prosecuting a case creates a presumption of abandonment. See Hosey v. County of Victoria,
832 S.W.2d 701, 704 (Tex. App.--Corpus Christi 1992, no writ). The Hosey court has held that the time
standards promulgated by the Texas Supreme Court provide a prima facie standard for what is
unreasonable. See Hosey, 832 S.W.2d 704. A simple expression of a desire to continue the cause or a
declaration of a lack of intent to abandon the cause does not preclude it from being dismissed for want of
prosecution. See City of Houston, 837 S.W.2d at 264; Levermann v. Cartall, 715 S.W.2d 728, 729
(Tex. App.--Texarkana 1986, writ ref'd n.r.e.).

 Downs did not respond to the motion to dismiss. His motion to reinstate offered no
explanation for