Opinion issued April 19, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00776-CV

———————————

Brown Mechanical Services, Inc., Appellant

V.

The Mountbatten Surety
Company, Inc., American Surety Company, Skip Clift d/b/a Innovative Insurance
Agency, and Kevin Clift, Appellees



 



 

On Appeal from the 11th District Court

Harris County, Texas



Trial Court Case No. 0611121

 



O P I N I O N

          Appellant,
Brown Mechanical Services, Inc. (“Brown”), attempts to appeal from the trial
court’s order dismissing its bill of review proceeding against appellees,
Mountbatten Surety Company, Inc., American Surety Company, Skip Clift d/b/a Innovative Insurance Agency, and
Kevin Clift (collectively, “Mountbatten”), for want of prosecution.  In three issues, Brown argues that the trial
court abused its discretion (1) in dismissing the case for want of prosecution;
(2) in failing to hold a hearing on its motion to reinstate; and (3) in failing
to allow it to have its day in court.

          We conclude that Brown’s notice of
appeal is untimely and that, therefore, this appeal must be dismissed for lack
of jurisdiction.

                                                                                                                                                                
Background

Brown filed its petition for a bill of review on February
21, 2006, seeking to vacate an agreed judgment between it and Mountbatten
entered on March 15, 2004.  There is no
indication in the record that Brown served Mountbatten with this petition, and
on January 22, 2007, the trial court notified Brown of its intent to dismiss
the case on June 29, 2007.  On that day, June
29, 2007, Brown filed a motion to retain, explaining that it was ready to go
forward with the prosecution of the case. 
No further action was taken on the case until February 17, 2010, when
the trial court notified the parties that the disposition deadline for the case
was March 15, 2010 and that, if the case were not set and heard before that
date, it would be dismissed for want of prosecution.

On March 15, 2010, Brown filed a second motion to
retain.  The trial court responded on
March 16, 2010 by providing a second disposition deadline of April 19, 2010 and
again notifying the parties that the case would be dismissed for want of
prosecution if the matter had not been set and heard by that date.  On April 14, 2010, Brown filed an amended
petition for bill of review and served Mountbatten on April 26, 2010.  On May 25, 2010, the trial court dismissed
the case, stating, “For failure to comply with the Notice Dates 03-16-2010/TRCP
165A this case is ordered DISMISSED FOR WANT OF PROSECUTION.”

On June 24, 2010, Brown filed a motion to reinstate,arguing
that it had experienced difficulty “effecting process on [Mountbatten],” that
its failure to act prior to dismissal was the result of its “attorney who
misfiled the notice of intent to dismiss,” and that it was prepared to “go
forward with further preparation, prosecution and the trial of this
cause.”  The trial court held a hearing on
August 2, 2010.  Brown did not obtain or
file a reporter’s record of this hearing. 
Although the docket sheet reflected that the trial court denied the
motion to reinstate on that date, the record does not contain a written order
denying the motion.  Thus, the motion to
reinstate was overruled by operation of law. 


Brown filed its notice of appeal on September 8, 2010,
stating that the trial court held a hearing on the motion to reinstate on
August 2, 2010, that the trial court did not sign a written order on that
motion, and that Brown wished to appeal.

                                                                                                                                                                         
Analysis

This Court’s review of the case revealed that Brown’s
notice of appeal was untimely. 
Generally, a notice of appeal is due within thirty days after the
judgment is signed.  See Tex. R. App. P.
26.1.  The deadline to file a notice of appeal
is extended ninety days after the date the judgment is signed if any party
timely files a motion for new trial, motion to modify the judgment, motion to
reinstate, or, under certain circumstances, a request for findings of fact and
conclusions of law.  See Tex. R. App. P.
26.1(a).  To be considered timely, a
motion to reinstate must be filed within thirty days after the order of
dismissal is signed.  Tex. R. Civ. P. 165a(3).  

We may extend the time to file the notice of appeal,
however, if, within fifteen days after the deadline to file the notice of
appeal, the appellant properly files a motion to extend time.  Tex.
R. App. P.26.3, 10.5(b)(1)–(2).  A
motion to extend time is necessarily implied when an appellant, acting in good
faith, files a notice of appeal beyond the time allowed by Rule 26.1, but
within the fifteen-day extension period provided by Rule 26.3.  See Tex. R. App. P. 26.1, 26.3; Verburgt v. Dorner, 959 S.W.2d 615, 617
(Tex. 1997). The appellant must, however, offer a reasonable explanation for
failing to file the notice of appeal in a timely manner.  See Tex. R. App. P. 10.5(b)(1)(C), 26.3; Jones v. City of Houston, 976 S.W.2d
676, 677 (Tex. 1998).

Here, the trial court signed the final judgment on Brown’s
petition for bill of review on May 25, 2010, dismissing Brown’s case for want
of prosecution.  Thus, Brown’s motion to
reinstate its bill of review was due by June 24, 2010.  The record shows that Brown timely filed its
motion to reinstate on June 24, 2010. 
The motion was heard on August 2, 2010, but no written order was
signed.  Therefore, Brown’s motion to
reinstate was overruled by operation of law on August 23, 2010, seventy-five
days after the judgment dismissing his bill of review was signed.  See Tex. R. Civ. P. 165a(3) (providing that
if “a motion for reinstatement is not decided by signed written order within
seventy-five days after the judgment is signed, or, within such other time as
may be allowed by Rule 306a, the motion shall be deemed overruled by operation
of law”); Tex. R. Civ. P. 306a(4)
(providing that, in some circumstances, deadlines for filing post-judgment
motions will run from date party received notice of judgment).

However, Brown did not file a notice of appeal until
September 8, 2010, which was sixteen days after the notice of appeal was due
and one day after the fifteen-day extension of time permitted by Rule 26.3 had
run.  Brown’s notice of appeal was, therefore,
untimely, even with the extended deadline afforded by Rule 26.1(a) when a
motion to reinstate is filed.  SeeTex.
R. App. P. 26.1.

Because the failure to file a timely notice of appeal is
jurisdictional, the Texas Rules of Appellate Procedure provide that a motion to
extend time is necessarily implied if the appellant files its notice of appeal
within the fifteen-day extension period provided by Rule 26.3, so long as the
appellant complies with Rule 10.5(b) by, inter
alia, providing a reasonable explanation for the late filing. SeeTex.
R. App. P.26.3, 10.5(b); Jones,
976 S.W.2d at 677; Verburgt, 959
S.W.2d at 617.  Brown, however, neither
filed its notice of appeal within the fifteen-day grace period nor provided an
explanation for its late filing.

On December 5, 2011, this Court sent Brown a notice
informing it that it did not appear that we had jurisdiction over this appeal
and that we would dismiss this case for want of jurisdiction unless it provided
some evidence that we did have jurisdiction. 
Brown responded, arguing that its notice of appeal was timely because
its motion to reinstate was overruled by operation of law seventy-five days
after the date it received notice of the dismissal for want of prosecution,
and, thus, the notice of appeal was not due until thirty days after the motion
to reinstate was overruled, or 105 days from the date it received the notice of
dismissal.

Brown cited no authority to support its contention that
the deadline to file the notice of appeal was thirty days from the date its
motion to reinstate was overruled, and its statement of the law is incorrect.  Contrary to Brown’s assertion, the deadline
for filing a notice of appeal runs from the date of the trial court’s dismissal
order, not the date the trial court rules on a motion to reinstate.  Weik v.
Second Baptist Church of Houston, 988 S.W.2d 437, 438 (Tex. App.—Houston
[1st Dist.] 1999, pet. denied); Hosey v.
Cnty. of Victoria, 832 S.W.2d 701, 703 (Tex. App.—Corpus Christi 1992, no
writ); see also Tex. R. App. P. 26.1(a)(3) (providing
that notice of appeal is due within ninety days of date judgment is signed when
timely motion to reinstate case is filed pursuant to Texas Rule of Civil
Procedure 165a).

Brown also argues that it
did not receive notice of the dismissal of the case until June 22, 2010 and
that the post-judgment deadlines should run from that date rather than from the date the judgment was signed.  It cites Texas Rule of Civil Procedure
306a(4) to support this contention. 
Paragraph 4 of Rule 306a provides that if “a party adversely affected
by” the signing of a judgment or appealable order does not receive the required
notice within twenty days, 

then with respect to that party all the periods
mentioned in paragraph (1) [addressing time for filing post-judgment motions in
the trial court] shall begin on the date that such party or his attorney
received such notice or acquired actual knowledge of the signing, whichever
occurred first, but in no event shall such periods begin more than ninety days
after the original judgment or other appealable order was signed.

 

Tex. R. Civ. P. 306a(4).  Rule
306a further provides: 

 

In order to establish the application of paragraph (4)
of this rule, the party adversely affected is required to prove in the trial
court, on sworn motion and notice, the date on which the party or his attorney
first either received a notice of the judgment or acquired actual knowledge of
the signing and that this date was more than twenty days after the judgment was
signed.

 

Tex.
R. Civ. P. 306a(5).  The record in
this case does not contain the sworn motion establishing the facts constituting
late notice required by Rule 306a(5), and thus Brown has failed to establish
the application of Rule 306a(4).  See id.; see also Tex. R. App. P.
4.2(a)–(b) (providing additional time to file notice appeal if, in accordance
with Rule 306a(5), appellant establishes facts constituting late notice).

We conclude that Brown has failed to satisfy the
jurisdictional requirements in Rules 26.1 and 26.3 that he either (1) timely
file a notice of appeal or (2) file a notice of appeal in the trial court
within fifteen days after the deadline for filing the notice of appeal and file
in this Court a motion that complies with Rule 10.5(b), including setting out
“the facts relied on to reasonably explain the need for an extension.”  Tex.
R. App. P. 10.5(b), 26.1, 26.3.

We hold that this Court lacks jurisdiction over the
appeal.  See Tex. R. App. P. 25.1,
26.1; Verburgt, 959 S.W.2d at
617.  Accordingly, we dismiss the appeal
for want of jurisdiction.  See Tex.
R. App. P. 42.3(a), 43.2(f).[1]  We dismiss all pending motions as moot.

                                                                                                                                                                   
Conclusion

We dismiss the appeal for want of jurisdiction.  We dismiss all pending motions as moot.

 

                                                                             Evelyn V. Keyes

                                                                             Justice

 

Panel consists of Justices Keyes, Higley, and
Massengale.











[1]           Mountbatten argues that, even if
Brown’s notice of appeal had been timely, its failure to obtain a reporter’s
record of the hearing on the motion to reinstate “makes it impossible to
establish that the trial court abused its discretion.”  We agree. See
Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex.
1999) (reviewing dismissal for want of prosecution for abuse of discretion); Cappetta v. Hermes, 222 S.W.3d 160, 164
(Tex. App.—San Antonio 2006, no pet.) (“We review an order denying a motion to
reinstate under an abuse of discretion standard.”) (citing Smith v. Babcock & Wilcox Constr. Co., 913 S.W.2d 467, 468
(Tex. 1995) (per curiam)); see also
Nicholson v. Fifth Third Bank, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st
Dist.] 2007, no pet.) (holding that it is appellant’s burden to bring forward
sufficient record to show error committed by trial court and that, in absence
of reporter’s record and findings of fact, we assume trial court heard sufficient
evidence to support its judgment);
Sandoval v. Comm’n for Lawyer Discipline, 25 S.W.3d 720, 722 (Tex.
App.—Houston [14th Dist.] 2000, pet. denied) (holding that court could not
determine whether trial court abused its discretion in sanctions ruling because
it did not receive reporter’s record of hearing and that courts “must presume
the omitted evidence would support the trial court’s sanction decision”)
(citing Christiansen v. Prezelski,
782 S.W.2d 842, 843 (Tex. 1990) (per curiam)). 


 

            Mountbatten
further argues that the trial court properly dismissed the case for want of
prosecution and denied the motion to reinstate because Brown failed to
demonstrate due diligence or lack of conscious indifference.  We agree with this contention as well. See Villarreal, 994 S.W.2d at 630
(holding that trial court may dismiss case for want of prosecution under Texas
Rule of Civil Procedure 165a for failure to appear for any hearing or trial of
which party had notice or for failure to dispose of case within time standards
promulgated by supreme court, or, after notice and opportunity to be heard,
under the court’s inherent power for failure to prosecute with due diligence); see also Tex. R. Civ. P. 165a(3) (trial court must reinstate case
dismissed for want of prosecution upon finding after hearing that “the failure
of the party or his attorney was not intentional or the result of conscious
indifference but was due to an accident or mistake or that the failure has been
otherwise reasonably explained”); Cappetta,
222 S.W.3d at 166 (holding that Rule 165a(3)’s reinstatement provision should
apply to all dismissals for want of prosecution, including dismissal under
court’s inherent power); Brown v. Howeth
Invs., Inc., 820 S.W.2d 900, 903 (Tex. App.—Houston [1st Dist.] 1991, writ
denied) (applying Rule 165a(3) standard to dismissal under court’s inherent
power and stating, “In exercising its discretion, the trial court may consider
the entire history of the cause.”).