# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00058-CV

**Cassandra Lampkin, Appellant**

**v.**

**Lynn Brock, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT
### NO. D-1-GN-11-002366, HONORABLE KARIN CRUMP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Pro se appellant Cassandra Lampkin appeals from the trial court's order dismissing her personal-injury suit for want of prosecution. *See* Tex. R. Civ. P. 165a. We affirm the trial court's order.

We review a trial court's decision on a motion to dismiss for want of prosecution for an abuse of discretion, and the main issue is whether the plaintiff exercised reasonable diligence in pursuing her suit. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). In conducting our review, we consider "the entire history of the case, including the amount of activity in the case, the length of time the case was on file, requests for a trial date, and the existence of reasonable excuses for delay." *Fox v. Wardy*, 225 S.W.3d 198, 200 (Tex. App.—El Paso 2005,

pet. denied); *see Dueitt v. Arrowhead Lakes Prop. Owners, Inc.*, 180 S.W.3d 733, 739 (Tex. App.—Waco 2005, pet denied).

A trial court may dismiss for want of prosecution under rule 165a if a case remains pending beyond the time standards set out by the Texas Supreme Court. Tex. R. Civ. P. 165a(2); *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). The rules of judicial administration provide that a civil case should be brought to trial or final disposition at the most within eighteen months from the appearance date. Tex. R. Jud. Admin. 6.1(b) (non-family, civil jury case should be disposed of within eighteen months, non-jury case should be disposed of within twelve months). "An unexplained and unreasonable delay in activity in prosecuting a case within the appropriate time standards creates a presumption of abandonment." *Maughan v. Employees Ret. Sys. of Tex.*, No. 03-07-00604-CV, 2008 WL 2938867, at *3 (Tex. App.—Austin Aug. 1, 2008, no pet.) (mem. op.) (citing *Hosey v. County of Victoria*, 832 S.W.2d 701, 704 (Tex. App.—Corpus Christi 1992, no writ)). A trial court should consider whether a plaintiff has shown good cause for a case remaining pending beyond the supreme court's time frames. *See id.*; *Steward v. Colonial Cas. Ins. Co.*, 143 S.W.3d 161, 164-65 (Tex. App.—Waco 2004, no pet.).

Lampkin filed suit against appellee Lynn Brock on August 5, 2011, alleging that she injured her back in the course of her employment by Brock, who had hired Lampkin to assist in the care of Brock's elderly father.[1] Lampkin sought to have Brock served by serving her attorney, and Brock filed a motion to quash service, which was never ruled on. *See* Tex. R. Civ. P. 106 (citation

---

[1] Lampkin initially filed suit in justice court, but that suit was dismissed because Lampkin pled for more than $10,000 in damages. *See* Tex. Gov't Code § 27.031(a)(1).

2

must be served on defendant in person or by registered or certified mail). In September 2011, Lampkin filed a motion for default judgment, asserting that Brock had not answered the suit, apparently not understanding that Brock had answered and appeared when she filed her motion to quash. *See Alcala v. Williams*, 908 S.W.2d 54, 56 (Tex. App.—San Antonio 1995, no writ) (filing of motion to quash or plea in abatement for improper service constitutes answer and appearance); *Schulz v. Schulz*, 726 S.W.2d 256, 258 (Tex. App.—Austin 1987, no writ) ("Appellant's plea in abatement constituted an answer and thus an appearance in the instant cause."); *see also* Tex. R. Civ. P. 239 (default judgment may be granted if defendant has not filed answer). Lampkin did not have her motion set for a hearing, and the trial court did not rule on the motion.

In November 2012, the trial court sent the parties notice that the suit would be dismissed for want of prosecution unless Lampkin filed a motion to retain. *See* Tex. R. Civ. P. 165a. Lampkin filed a motion to retain, stating that she wanted to pursue the case but was "at a disadvantage without legal representation," and the trial court granted her motion and kept the case on its docket. In November 2013, Lampkin filed a motion to refer the suit to mediation, which again was never ruled on, but took no further discernible action in the cause after that. On December 17, 2015, Brock filed a motion to dismiss the suit for want of prosecution, explaining that the suit had been pending without activity for more than two years. The motion was set for a hearing on January 6, 2016. Lampkin was served by certified mail but did not file a response or appear at the hearing. The trial court held the hearing and granted Brock's motion, dismissing the suit for want of prosecution. Lampkin did not file a motion to reinstate the case. *See id.* R. 165a(3).

3

On appeal, Lampkin argues that the trial court abused its discretion by dismissing her suit. She asserts that just before Brock filed her motion to dismiss, Brock's attorney, Ethan Goodwin, spoke to Lampkin about possible settlement of the case, and that when Lampkin soon thereafter received the certified mail from Goodwin's office, she signed for it and set it aside to read later, assuming it was related to her negotiation conversation with Goodwin and "not knowing it could have possibly been a Notice of Hearing and that [Brock] filed a Motion to Dismiss." Lampkin alleges that Goodwin used "trickery tactic to make [Lampkin] assume the letter was regarding his follow up communication negotiations into settlement," and claims that she received Brock's motion and notice of hearing while she was in the process of moving and "planned to open the letter as soon as she recovered from the move." She further states that the trial court never allowed her to cure any procedural defects and "failed to schedule hearings on various Motions" and that, if she "lacked prosecuting her case, it was due to the lack of communication she receive from the [trial court] and the conflict of interest" because Brock's former attorney was Velva Price, who was in the interim elected as the Travis County District Clerk.

Initially, we note that Lampkin did not present any of these arguments to the trial court, either by appearing at the hearing on Brock's motion to dismiss or by filing a motion to reinstate. Lampkin's asserted excuses, made only by way of her appellate brief, are not part of the appellate record and cannot be considered on appeal. *See Fox v. Wardy*, 234 S.W.3d 30, 33 (Tex. App.—El Paso 2007, pet. dism'd w.o.j.) ("With limited exceptions not relevant here, an appellate court may not consider matters outside the appellate record."). Even if she had presented those arguments to the trial court, we could not hold on this record that the court abused its discretion in

4

dismissing the case. Lampkin's case was filed in 2011 and was dismissed almost four and one-half years later. There is no indication that Lampkin took any action in the case other than filing a motion for mediation more than two years before the order of dismissal was signed. It was up to Lampkin, not the trial court, to advance her case, and blame for the fact that Lampkin did not promptly open the certified mail containing Brock's motion to dismiss and notice of the hearing cannot be shifted to anyone other than Lampkin.

Further, the cause had been pending without activity for more than four years. *See Daneshjou Co. v. Sanders*, No. 03-08-00480-CV, 2009 WL 4458601, at \*2 (Tex. App.—Austin Dec. 2, 2009, no pet.) (mem. op.) ("Even if appellees' failure to respond could somehow have prevented Daneshjou from filing the motion [to substitute counsel] or if confusion over who was representing Daneshjou prevented prosecution beginning June 7, 2007, the years of inactivity before that date remain unexplained and unexcused."). The supreme court's time standards "provide a prima facie standard for the length of time considered unreasonable in disposing of a case," *In re Marriage of Seals*, 83 S.W.3d 870, 875 (Tex. App.—Texarkana 2002, no pet.) (Grant., J., dissenting) (citing *Hosey*, 832 S.W.2d at 704), and Lampkin's case was pending without activity for considerably longer than those standards. The trial court did not abuse its discretion in granting Brock's motion and dismissing Lampkin's case. *See Hosey*, 832 S.W.2d at 704 ("When an unreasonable delay in activity occurs in the prosecution of a case, it is presumed that the action has been abandoned. When this delay has not been sufficiently explained, the presumption of abandonment is conclusive and the case will be dismissed." (citation omitted)). We affirm the trial court's order dismissing the case for want of prosecution.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:   July 15, 2016