COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



MICHAEL PALMER,        §

            Appellant,      §

v.                      §

                           §

OFFICE OF THE ATTORNEY
GENERAL, TEXAS,          §

            Appellee.       §

No. 08-21-00072-CV

Appeal from the

311th District Court

of Harris County, Texas

(TC# 2019-80718)

## O P I N I O N

Appellant Michael Palmer, appearing pro se, appeals the trial court's order dismissing his suit for want of prosecution.[1] We reverse the trial court's order and remand this matter for further proceedings.

## I. BACKGROUND

In November of 2019, Palmer filed a petition to terminate the parent-child relationship based on mistaken paternity. Palmer asserted his parentage of H.N. had been adjudicated by an

---

[1] This case was transferred from the 14th Court of Appeals of Texas, our sister court in Houston. We decide it in accordance with the precedent of that court. TEX. R. APP. P. 41.3.

order of the trial court in a prior case. Palmer requested termination of the parent-child relationship alleging both, that he did not get genetic testing before the order was entered, and that he did not contest parentage at the time the order was entered because he mistakenly believed he was the child's genetic father. He asserted that misrepresentations were made that led him to conclude he was the child's father. The petition further stated the child, or someone on behalf of the child, receives or has received governmental benefits, and thus, the Child Support Unit of the Office of the Attorney General has been involved in a court case about the child. Palmer requested the trial court terminate his parent-child relationship with H.N., terminate his obligation to pay child support, and make other orders to which he was entitled.

On April 22, 2020, the Attorney General of Texas, representing the State of Texas, filed an original answer in which it generally denied the allegations of the petition and demanded strict proof of same. The trial court set the petition for "final trial" on April 26, 2021, but no time was stated. From email communications exchanged between February and early-April 2021 between Palmer and the trial court staff, which were all made a part of the record, it appears Palmer was under the impression that the April 26 hearing would be conducted via "Zoom" videoconference. For example, on February 26, 2021, Palmer sent an email with the subject line: "Zoom hearing Request Case 2019-80718." In that email, Palmer stated: "Please send me the zoom hearing info for my next trial." In response, the trial court staff member stated: "Your trial is in April, as the date nears, I will send out the ZOOM information." Then, on April 9, 2021, Palmer sent another email to the trial court staff requesting the "zoom information" for the hearing. He received a response stating: "Mr. Palmer, I do not have the ZOOM information yet." Less than a week before the hearing was set to take place, on April 18, Palmer filed a document titled "Answer to Court," in which he complained that the court staff had not yet provided information regarding

2

videoconference details for the hearing.

On April 26, 2021, the trial court called the case for hearing. From the brief transcript of the hearing, it appears to have been conducted in-person as no mention is made of a videoconference. Palmer was not present, but a representative from the Office of the Attorney General of Texas (OAG) responded to the case announcement. After noting that Palmer was not present and further indicating he had not served the child's mother, counsel for the OAG asked the court to dismiss the case for want of prosecution, which the trial court granted on that basis. The trial court signed an order dismissing Palmer's case for want of prosecution the same day. Later that afternoon, Palmer filed his "Notice of Appeal" in the trial court, complaining again that the trial court "failed to give any information to the zoom hearing when requested on numerous occasions." His email exchanges with the trial court staff regarding his requests for Zoom information were attached.

On May 13, 2021, Palmer filed a document titled "Appellant Statement to the Fourth Appeals Court" with the Fourteenth Court of Appeals of Texas, the court with appellate jurisdiction over the case. In that document, Palmer advanced a number of arguments in support of his position that his parental rights should be terminated, and also complained of the trial court's failure to provide him with videoconference information and instructions regarding the April 26, 2021, hearing. Based on a transfer order of the Supreme Court of Texas dated April 22, 2021, the appeal was transferred from the Fourteenth Court of Appeal District to this Court.[2]

## II. ISSUES ON APPEAL

We construe Palmer's "Statement to the Fourth Appeals Court" as his appellant's brief. Palmer raises two issues on appeal. First, Palmer argues the trial court erred in not terminating his

---

[2] *See* Misc. Docket No. 21-0943, Transfer of Cases from Courts of Appeal (Apr. 22, 2021).

parent-child relationship with H.N. Second, Palmer argues the trial court erred in dismissing his case for want of prosecution because it failed to provide him with videoconference instructions.

We address both issues together.

### III. DISCUSSION

#### A. Standard of Review

At the outset, we recognize that Appellant is acting pro se on appeal. As such, we are mindful to construe his brief liberally and with patience. *See Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989). But it is well-settled that a pro se party must nonetheless comply with all applicable procedural rules. *See Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 930 (Tex. App.—Houston [14th Dist.] 2008, no pet.). This requirement ensures that pro se litigants do not otherwise gain an unfair advantage over those parties represented by counsel. *Id*.

Whether to dismiss a case for want of prosecution "rests within the sound discretion of the trial court, and can be disturbed on review only if it amounted to a clear abuse of discretion." *Fox v. Wardy*, 225 S.W.3d 198, 199–200 (Tex. App.—El Paso 2005, no pet.). "A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, or when it acts without reference to any guiding rules or principles." *Id*. (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

#### B. Applicable Law

*Preservation of Error*

To preserve error for appellate review, the complaining party must raise the complaint before the trial court "by a timely request, objection, or motion" and either obtain an express or implicit ruling or show that the trial court refused to rule. TEX. R. APP. P. 33.1. Additionally, an appellate court's authority to review issues in civil cases is constrained by the arguments that

4

appear in the parties' briefs. *See Pat Baker Co., Inc. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998) (per curiam). Simply mentioning an issue in passing is not enough to assign that issue for appellate review; "parties asserting error on appeal still must put forth some specific argument and analysis showing that the record and the law supports their contentions." *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *see also* TEX. R. APP. P. 38.1(i) (stating that the "brief must contain a clear and concise argument for contentions made with appropriate citations to authorities and to the record"). "This requirement is not satisfied by merely uttering brief, conclusory statements unsupported by legal citations." *See Canton-Carter*, 271 S.W.3d at 931. Failure to comply with these briefing requirements results in the waiver of issues on appeal. *See id.*

### *Dismissal under Rule 165a*

A trial court's authority to dismiss a suit for failure to appear at trial comes from Rule 165a, which states: "A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice." TEX. R. CIV. P. 165a; *see also Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 851 (Tex. 2004). Before dismissing the suit under Rule 165a, the court must give the plaintiff notice of its intent to dismiss and a date and time for a dismissal hearing. TEX. R. CIV. P. 165a(1). However, this separate notice and dismissal hearing is not required if the court specifies in the notice of trial or hearing that a party's failure to appear may result in dismissal. *See Alexander*, 134 S.W.3d at 851–52. A dismissal without notice violates the party's due-process rights and must be reversed. *See Villareal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *Hubert v. Illiniois State Assistance Comm'n*, 867 S.W.2d 160, 163 (Tex. App.—Houston [14th Dist.] 1993, no writ).

After a case is dismissed for want of prosecution, the plaintiff may move to reinstate the

case as long as the trial court has plenary power over the case; however, a motion to reinstate is not a prerequisite to appeal a dismissal for want of prosecution. *See Maida v. Fire Ins. Exch.*, 990 S.W.2d 836, 838 n.1 (Tex. App.—Fort Worth 1999, no pet.); *Hosey v. County of Victoria*, 832 S.W.2d 701, 703 (Tex. App.—Corpus Christi 1992, no writ). Such a motion gives the trial court an opportunity to restore the case to the docket without the need for an appeal. *See* TEX. R. CIV. P. 165a(3) (a timely filed motion to reinstate extends the court's plenary power and the appellate deadlines). When a motion to reinstate is filed, it should be granted if it establishes that: (1) the plaintiff had no notice of the trial or hearing; (2) it had no notice of the court's intent to dismiss; or (3) although it had notice, its failure to appear was due to a mistake or accident. *Id*.

*Dismissal under Inherent Power*

A trial court also has the inherent power to dismiss—independent of its authority under Rule 165a—when a plaintiff does not prosecute its case with diligence. *See e.g., Villareal*, 994 S.W.2d at 630. When dismissing a case under this inherent power, courts may consider the following factors: (1) the length of time the case was on file; (2) the extent of activity in the case; (3) whether a trial setting was requested; and (4) whether there were any reasonable excuses for the delay. *Frenzel v. Browning-Ferris Indus., Inc.*, 780 S.W.2d 844, 845 (Tex. App.—Houston [14th Dist.] 1989, no pet.)

## C. Analysis

As to Palmer's first issue on appeal, that the trial court erred in not terminating his parent-child relationship with H.N., we cannot agree based on the record provided. Palmer did not attend the hearing on his motion to terminate that relationship and, therefore, he did not present evidence to support his claims. Because he did not present evidence, there was nothing for the trial court to consider, and there is nothing for us to consider with regard to this issue on appeal. Palmer's first

issue is overruled.

Moving to Palmer's second issue on appeal, he argues that the trial court's order dismissing his case for want of prosecution violated his due process rights because he was not provided Zoom information for what he reasonably assumed would be a videoconference hearing. We agree that the procedure surrounding the trial court's dismissal for want of prosecution violated Palmer's due process rights.

As a preliminary matter, we must determine whether the trial court dismissed Palmer's case for want of prosecution under Rule 165a or under its inherent authority. If the trial court dismissed under Rule 165a, it was required to follow the procedure under that Rule for providing notice of its intent to dismiss and an opportunity for Palmer to be heard regarding the dismissal. TEX. R. CIV. P. 165a. Here, the dismissal order does not specify whether the trial court was acting under Rule 165a or its inherent power. However, the record clearly indicates that the trial court was acting under Rule 165a. First, the record shows that Palmer had recently been active in the case. For example, between December 2020 through April 2021, he filed a variety of documents with the court including one in which he requested videoconferencing information. We determine these filings show that Palmer was attempting to diligently move the case toward trial. Additionally, these filings are relevant to three of the four commonly-listed factors to be considered when a trial court determines whether to dismiss a case for want of prosecution under its inherent power: (1) the extent of activity in the case; (2) whether a trial setting was requested; and (3) whether there were any reasonable excuses for the delay. *See Frenzel,* 780 S.W.2d at 845; *Texas Mut. Ins. v. Olivas*, 323 S.W.3d 266, 274 (Tex. App.—El Paso 2010, no pet.); *Maida,* 990 S.W.2d at 842. Second, despite Palmer's recent filing activity in the case, the dismissal occurred immediately after he failed to appear at the hearing. And third, during the hearing, the assistant

7

attorney general moved to dismiss the case for want of prosecution based on Palmer's failure to attend the hearing, and the trial court agreed.

Having determined that the trial court dismissed this case for want of prosecution under Rule 165a, we next analyze whether the trial court complied with the requirements for dismissal under that Rule. Here, the trial court indicated it would dismiss Palmer's case during the hearing. Then the trial court signed an order dismissing the case for want of prosecution later that day. But Rule 165a requires a trial court to give notice to all parties of its intent to dismiss, along with the time and place of a dismissal hearing. TEX. R. CIV. P. 165a(1). The trial court did not do so in this case. Additionally, we see no evidence in the record that the trial court specified in the notice for the April 26, 2021, hearing that Palmer's failure to appear may result in dismissal. On the contrary, the closest thing to notice of the April 26 hearing we can see in the record is a one-line email on February 22, 2021, from the trial court staff to Palmer, which stated "[t]he 4/26/2021 hearing is for final trial." Because the trial court dismissed Palmer's case for his failure to appear at trial without providing notice of its intent to do so and an opportunity for Palmer to be heard regarding the dismissal, we determine that Palmer's due process rights were violated. *See Villareal*, 944 S.W.2d at 630; *Hubert*, 867 S.W.2d at 163.

We are mindful that Palmer's argument in his brief centers around the trial court's failure to provide videoconference information for the April 26 hearing. But he does raise this as a due-process concern, and his argument goes to the direct reason the trial court dismissed his case. We need look no further than the rule upon which the dismissal was based to see that there was, in fact, a violation of Palmer's due-process rights. Accordingly, we determine that this issue was properly raised in his brief.

The Office of the Attorney General argues that Palmer did not preserve error or meet his

8

burden of proving that the trial court abused its discretion because he did not seek to reinstate his case under Rule 165a. But, as we stated above, a motion to reinstate is not a prerequisite to an appeal on the justification of a dismissal for want of prosecution. *See Maida*, 990 S.W.2d at 838 n.1; *Hosey*, 832 S.W.2d at 703-704 (concluding that a motion to reinstate is necessary only to develop facts that otherwise would not appear in the record).

Because we have determined that this issue was properly raised in Palmer's brief, that his due-process rights were violated, and that a motion to reinstate is not a prerequisite to appeal on this issue, Palmer's second issue is sustained.

Finally, after this case was transferred from the 14th Court of Appeals to this Court, Palmer filed a number of motions. These include: (1) a September 22, 2021 motion requesting this court set up a Zoom hearing and venue change to the Texas Supreme Court; (2) a September 27, 2021 "Motion for Zoom Oral Hearing"; (3) an October 4, 2021 "Motion to Order for Termination of Parental Rights"; (4) an October 8, 2021 "Appeal the Appeals Court 8"; (5) an October 18, 2021 "Motion of Transfer of Venue"; and (6) a November 9, 2021 "Motion of Sealing of Records." Each of these motions is hereby denied.

## IV. CONCLUSION

We hold the trial court erred in dismissing Palmer's suit for want of prosecution. We therefore reverse the trial court's order of dismissal and remand this matter to the trial court to reinstate Palmer's case on the court's docket.

GINA M. PALAFOX, Justice

November 15, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.

9