Clarence **BILNOSKI**, Appellant,

v.

**PIZZA INN, INC.** and Stephen **Shirey, Jr.,** Appellees.

No. B14–92–00635–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

July 15, 1993.

Vincent A. Lannie, James H. Stokes, Baytown, for appellant.

H. Dwayne Newton, Scott Tessmer, Houston, for appellees.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

Appellant appeals the trial court's order dismissing his case for want of prosecution. In two points of error, he contends that the trial court abused its discretion in dismissing the case without providing prior notice and in failing to reinstate the case upon his timely filed motion. We affirm.

Appellant was allegedly injured in an automobile accident by a Pizza Inn employee, Stephen Shirey, on November 29, 1987. On July 7, 1988, Appellant filed suit against Pizza Inn and Stephen Shirey for injuries he sustained in the accident. The record indicates that the last action taken by Appellant was a "Third Amended Petition" filed on July 17, 1989. Appellant maintains in his brief that Pizza Inn filed for bankruptcy on September 21, 1989. However, no orders from the bankruptcy court are contained in the record and the trial court's docket sheet fails to indicate an automatic stay. On January 24, 1992, the trial court dismissed Appellant's case for want of prosecution. Appellant timely filed a motion to reinstate. He claims that he never received notice from the Court of its intention to dismiss his case.

■■■ In his first point of error, Appellant maintains that the trial court abused its discretion in dismissing his case without first providing notice of its intent to dismiss. A trial court may dismiss a case for want of prosecution (1) when a party fails to appear at a hearing or at trial, (2) when the case has not been disposed of within the supreme court's guidelines, and (3) when a case has not been prosecuted with due diligence. *City of Houston v. Thomas*, 838 S.W.2d 296, 297 (Tex.App.—Houston [1st Dist.] 1992, no writ). The trial court's authority to dismiss is derived both from TEX.R.CIV.P. 165 and its own inherent powers. *City of Houston* at 297. When an unreasonable delay in the prosecution of a case occurs, it is presumed that the case has been abandoned. *Hosey v. County of Victoria*, 832 S.W.2d 701, 704 (Tex.App.—Corpus Christi 1992, no writ). If that delay is not sufficiently explained, the presumption of abandonment is conclusive and the

case will be dismissed. *Id.* The trial court is required to provide litigants with notice of its intent to dismiss. *Id.* at 705.

■■■ However, notice of a court's intention to dismiss may be imputed to a party when (1) the court's local rules provide for dismissal within a specified period of time, or (2) there had been inactivity for a long period of time. See, *State v. Rotello*, 671 S.W.2d 507, 508 (Tex.1984) and *Knight v. Trent*, 739 S.W.2d 116, 119 (Tex. App.—San Antonio 1987, no writ). Imputed knowledge satisfies due process requirements. See, *Rotello* and *Knight*. The 157th Judicial District Court of Harris County follows the "Rules of the Civil Trial Division—Harris County District Courts" for the administration of pending cases. Rule 3.6 provides for the dismissal of cases:

> (1) which have been on file for more than 180 days in which no answer had been filed;
>
> (2) which have been on file for more than eighteen months and are not set for trial; or
>
> (3) in which a party or his attorney has failed to take any action specified by the court.

We find that Appellant was charged with notice of the trial court's intention to dismiss his case when the case had been inactive for a lengthy period of time, *and* under Local Rule 3.6, his case had been on file for more than eighteen months and had not been set for trial. Appellant received actual notice of the dismissal in ample time to move for reinstatement. Accordingly, we find that the requirements of due process were satisfied and that the trial court did not abuse its discretion in dismissing the case. We overrule Appellant's first point of error.

■■■ In his second point of error, Appellant contends that the trial court abused its discretion in failing to reinstate the cause of action. Appellant's Motion to Reinstate was based upon two grounds: (1) that the dismissal was based upon his failure to respond to the notice of intent to dismiss, and therefore, because his failure

to respond was not intentional, the case must be reinstated; and (2) that "all parties ... have expended an enormous amount of time and effort to develop [the] case for settlement and/or trial." The trial court's dismissal simply states that the case was "dismissed for want of prosecution." When the record does not contain findings of fact or conclusions of law, and the order fails to specify the reason for dismissal, this Court must affirm the order on any legal theory supported by the record. *City of Houston v. Thomas*, 838 S.W.2d 296, 297 (Tex.App.—Houston [1st Dist.] 1992, no writ). Because nothing in the record shows that Appellant failed to appear at a hearing or at trial, we conclude that Appellant's failure to appear was not the basis for the trial court's order. See *City of Houston* at 297.

When deciding whether to dismiss a case, a trial court may consider the entire history of the case, including the amount of activity on the case, the length of time the case was on file, the request for a trial date and the existence of reasonable excuses for the delay. *Id.* We must look to the record in its entirety and will reverse the trial court only if that court clearly abused its discretion. *Id.* The central issue in this case is whether Appellant exercised due diligence in prosecuting his case.

The only evidence in the record is a transcript. The procedural history we can glean from the transcript indicates that Appellant filed suit in July of 1989, and took no action on the case after the filing of its third amended petition on July 17, 1989. An exhibit attached to Appellant's affidavit indicates that on September 23, 1991, Appellant mailed a letter to opposing counsel in attempt to settle the case. We can not hold that one letter of communication between July 17, 1989, and September 23, 1991, demonstrates due diligence. Further, Appellant did not request a hearing on the Motion to Reinstate, and Appellant waived argument in his appeal to this court. Such action is dilatory and not in the best interest of Appellant. In light of the record provided us, we find that the trial court did not abuse its discretion in

failing to reinstate the case. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.