In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00110-CV


______________________________




ALLEN BEASLEY, Appellant



V.



MICHAEL SHEPHERD, ET AL., Appellees




 


On Appeal from the 102nd Judicial District Court


Bowie County, Texas


Trial Court No. 06C1278-102




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Appellant, Allen Beasley, filed a notice of appeal November 15, 2006. The clerk's record
was filed in this Court January 4, 2007.

 There is no document in the clerk's record that constitutes a final, appealable order. Unless
otherwise statutorily authorized, an appeal may be made only from a final judgment. See Tex. Civ.
Prac. & Rem. Code Ann. § 51.012 (Vernon 1997), § 51.014 (Vernon Supp. 2006). 

 Accordingly, we dismiss this appeal for want of jurisdiction.



 Bailey C. Moseley

 Justice


Date Submitted: January 9, 2007

Date Decided: January 10, 2007



"text-align: center">MEMORANDUM OPINION

            Joe Turner appeals the trial court's dismissal of his lawsuit for want of prosecution, claiming
he did not have notice of the hearing on the defendants' motion to dismiss. Turner also contends the
trial court erred by denying his motion for additional time in which to hire a new trial attorney. We
affirm.
I. Background
            On May 24, 1996, Turner sued John Parker as an individual and in Parker's capacity as the
owner of John Parker's Discount Tires (collectively "Parker"). According to Turner's original
petition, Turner worked for Parker as a contract laborer when Turner was injured by an exploding
tire. Turner sued Parker for negligence and sought recovery for medical expenses, lost income, and
past and future pain and suffering. Parker was served with the plaintiff's original petition in
May 1996 and Parker filed a general denial in June. Thereafter, the parties conducted discovery,
including the filing of interrogatories and requests for production. Between March 17, 1997 and late
August 2002, the record does not show the parties took any action in the case.
            On August 29, 2002, Parker filed a motion to dismiss the suit for want of prosecution. 
Turner filed a notice with the trial court regarding a designation of new lead counsel in his case on
September 5, 2002. One week later, Turner's substituted counsel withdrew from the case. That same
day, the trial court dismissed the suit without prejudice for want of prosecution. Turner filed his
timely notice of appeal on October 17, 2003. See Tex. R. App. P. 26.1 (notice of appeal is due within
thirty days after judgment signed); and see Tex. R. App. P. 9.2(b) (document is timely filed if
received by mail within ten days from deadline).
II. Dismissing Turner's Suit for Want of Prosecution
            A trial court's dismissal of a lawsuit for want of prosecution is reviewed for abuse of
discretion. MacGregor v. Rich, 941 S.W.2d 74, 75 (Tex. 1997). "When an unreasonable delay in
the prosecution of a case occurs, it is presumed that the case has been abandoned." Bilnoski v. Pizza
Inn, Inc., 858 S.W.2d 55, 57 (Tex. App.‒Houston [14th Dist.] 1993, no writ). "If that delay is not
sufficiently explained, the presumption of abandonment is conclusive and the case will be
dismissed." Id. A trial court's intention to dismiss may be imputed to a party when there has been
inactivity for a long period of time. Id.; see also Tex. R. Civ. P. 165a.
            A trial court abuses its discretion when its ruling falls outside the zone of reasonable
disagreement. See, e.g., Natural Gas Pipeline Co. of Am. v. Pool, 30 S.W.3d 618, 632 (Tex.
App.‒Amarillo 2000), rev'd on other grounds, No. 01-0057, 2003 WL 22038662 (Tex. Aug. 28,
2003). The key issue for us to decide is whether Turner exercised reasonable diligence in
prosecuting his case. See MacGregor, 941 S.W.2d at 75.
            Parker filed his motion to dismiss on August 29, 2002. The motion indicates service of the
motion, as well as the notice of a hearing on the motion, was provided to Turner through his attorney
of record on the same day. Accordingly, because Turner was represented by counsel at the time
Parker filed his motion to dismiss, Turner is presumed to have received notice of the motion before
September 12, 2002. See Tex. R. Civ. P. 21a (every notice required under the rules may be served
on the party's attorney of record; attorney's certificate of service is prima facie evidence of service
on the day listed in the certificate). There is nothing in the record to indicate Turner's then-counsel
of record did not receive notice of the September 12, 2002, hearing on Parker's motion to dismiss. 
See id. (a party may offer proof that the instrument was not received). Moreover, the case had been
languishing on the trial court's docket for more than six years with no activity having occurred since
March 1997. Still further, the motion to withdraw filed by Turner's counsel on September 12, 2002,
clearly states counsel had notified Turner of all pending settings and deadlines. We find the record
does not supprt Turner's claim of lack of notice of the hearing on the motion to dismiss.
            We also do not find the record supports Turner's contention that the trial court abused its
discretion by dismissing the case for want of prosecution. As explained above, Turner's lawsuit
against Parker was filed in May 1996. The clerk's record in this case shows nothing happened in this
case between March 1997 and August 2002. We believe the trial court acted within the "zone of
reasonable disagreement" when, after proper notice of the hearing, it dismissed a case for which the
plaintiff failed to appear and in which the plaintiff had taken no action in more than five years. Cf.
Bilnoski, 858 S.W.2d at 58 (mailing one offer of settlement during a two-year period is insufficient
to demonstrate due diligence; dismissal for want of prosecution was proper). The record before us
contains no evidence tending to defeat the presumption Turner had abandoned the case.
III. Denial of Turner's Motion for Additional Time in Which To Hire New Trial Counsel
            Turner also contends the trial court erred by denying his motion for more time in which to
hire new trial counsel after the trial court dismissed the lawsuit for want of prosecution. To preserve
an issue for appellate review, the record must show that a complaint was made to the trial court by
a timely request, objection, or motion and that the trial court ruled on the request, objection, or
motion. Tex. R. App. P. 33.1. On October 8, 2002, Turner filed his motion for more time in which
to hire trial counsel. The record before us does not indicate the trial court ruled on Turner's motion. 
Accordingly, Turner has not preserved this issue for our review.
IV. Conclusion
            For the reasons stated, we affirm the trial court's judgment.
 

                                                                        Jack Carter
                                                                        Justice


Date submitted:          October 22, 2003
Date decided:              October 23, 2003