No. 14-14-00216-CV

FILED IN
14th COURT OF APPEALS
HOUSTON. TEXAS

JUL 06 2015

CHRISTOPHER A. PRINE
OF TEXAS CLERK

IN THE COURT OF APPEALS
FOR THE FOURTEENTH JUDICIAL DISTRICT OF TEXAS

HARVELLA JONES
Appellant

V.

Marc D. Markel; Clayton R. Hearn; Amy M. Vanhoose; Dawn S. Holiday; Clinton Faver Brown and Roberts Markel Weinberg Butler Hailey PC aka Roberts Markel Weinberg PC aka Roberts Markel PC aka Roberts Markel Guerry, PC

Appellees

APPELLANT'S MOTION FOR REHEARING and MOTION FOR EN BANC RECONSIDERATION

On Appeal from Cause No. 14-CCV-052079
in the County Civil Court No. 2
of Fort Bend County, Texas
Hon. Jeffrey A. McMeans, Presiding

HARVELLA JONES, PRO SE
P. O. Box 1702
Richmond, Texas 77406
(281) 690-8793

No. 14-14-00216-CV

IN THE COURT OF APPEALS
FOR THE FOURTEENTH JUDICIAL DISTRICT OF TEXAS

HARVELLA JONES
Appellant

V.

Marc D. Markel; Clayton R. Hearn; Amy M. Vanhoose; Dawn S. Holiday;
Clinton Faver Brown and Roberts Markel Weinberg Butler Hailey PC aka
Roberts Markel Weinberg PC aka Roberts Markel PC aka Roberts Markel
Guerry, PC

Appellees

## APPELLANT'S MOTION FOR REHEARING and MOTION FOR EN BANC RECONSIDERATION

TO THE HONORABLE COURT:

Pursuant to TRAP 49.1 and 49.7, I request rehearing and en banc

reconsideration to correct the panel's opinion rendered June 23, 2015 and attain a

reverse and remand.

Housekeeping errors to be corrected:

1. My claim against the Appellees was *"their conspiracy with their client the*

*Villages of Town Center OA., Inc. to commit fraud on a third-party, Plaintiff*

*Harvella Jones,"* (pg 6 CR (01 of 01) not as stated on page 2 of the opinion "a

claim of fraud and conspiracy to commit fraud, alleging that the defendants, who at various times represented the Villages of Town Center Owners Association, Inc., conspired to commit fraud upon her to conceal the 'true proxy count' of the resolution passed by the association when it annexed her property in 2002."

2. On page 2 of the panel's opinion they omitted I did not get the time I requested to prepare a response. They mentioned I requested time to prepare but did not mention I did not get it or opine on it. (Argued on page 31 of my brief)

3. The panel listed among its list of "prior involvement in various court proceedings" cases that did not meet the vexatious litigant criteria such as the association case in 2005, which I argued in my brief was not only outside the "seven-year period immediately preceding the date the defendant makes the motion" but also in 2005, I did not "dispute the legality of the 2002 annexation" of my property as stated on page 3 of the opinion. "I challenged the association's quorum" _only_. This was not a re-ligation case. (p 11, 182 of CR (01 of 01)

4. The panel also listed the 2006 case in which 35 plaintiff's and I filed a lawsuit against the association with an attorney. This case does not meet the vexatious litigant criteria either as it is outside the "seven-year period immediately preceding the date the defendant makes the motion" _and_ "this case was not commenced, prosecuted or maintained in propria persona. We had an attorney (Helen

Mayfield). This was also argued in my brief on page 15. The panel did not opine on the relitigation issue raised by the Appellee at trial court and argued by me.

5. The panel's opinion regarding a lawsuit against Compass Bank in 2008 on page 3 of their opinion goes beyond what was presented in my brief. This case "was not appealed nor relitigated". Additionally, *"dismissed with prejudice* on November 26, 2008, could not be supported by any evidence before this court.

6. The panel's opinion regarding my VA case listed it as being appealed after November 8, 2010, when in my brief I clearly stated that "this pension claim was on November 19, 2004, right after the death of my Veteran husband Johnnie Jones on October 30, 2004. This claim commenced more than 7 years from the time of the Appellee's vexatious litigant motion I am appealing from and was not maintained in propria persona as there was an attorney involved for one of the appeals." Additionally, the Appellee's exhibit "J" clearly shows under Memorandum Decision "The appellant, Harvella Jones, *through counsel*, appeals a December 18, 2008, Board of Veterans' Appeals (Board) decision denying her claim for entitlement to service connection for the cause of her husband's death and accrued benefits." (CR (01 of 01) FLD052114 .. page 222) The vexatious litigant statute shows what I argued in my brief on page 11 and page 21 of my reply brief. I timely submitted a reply brief.

7. The panel's opinion regarding the 2011 lawsuit I filed against the association restated what I said in my brief which was "on August 9, 2011, I sought a declaratory judgment against the association for a resolution on the annexing of my property within the 4 years allowed for fraud. (Page 16 of my brief; CR 182 (01 of 01) FLD052114) I clearly stated in my brief, that "the proxy evidence found was not ripe until mid 2009 for this lawsuit, therefore, the Appellee's theory three (3) HOA lawsuits filed 2005, 2006 and 2011 are evidence of re-litigation is incorrect and not supported by evidence."

8. The panel showed two writs of mandamus that were part of trial court cases. In Retzlaff at 700, the mandamus proceeding "was a separate, original proceeding that did not challenge the trial court's final decision in the underlying case or relate to the merits of the underlying case". My two cases cited in the panel's opinion challenged the merits of the underlying cases at trial court .

A. **Standard of review**. The panel states in their opinion that "when the trial court does not specify the basis for its decision, we must affirm the order if it is correct on any legal theory supported by the record" and then they cite three case laws. None of the cases cited are on point with their theory. *Douglas v. Elliott, No. 14-12-01025-CV* talks about the non compliance of Ralph Douglas with Chapter 14 of the Civil Practice and Remedies Code. There was a procedural error

on the part of Mr. Douglas. In case *Worford v. Stamper, 801 S.W. 2d 108, 109 (Tex. 1990)* involved a new order in a child support case that had no findings of fact or conclusions of law issued to help support the court's judgment. In the *Bilnoski v. Pizza Inn, Inc., 858 S.W. 2d 55, 58 (Tex. App. – Houston (14th Dist.) 1993, no writ* case, the Appellant's case was dismissed for want of prosecution. The record did not contain findings of fact or conclusions of law and the order failed to specify the reason for dismissal. It shows that the court did consult the record when it states that "because nothing in the record shows that Appellant failed to appear at a hearing or at trial, we conclude that Appellant's failure to appear was not the basis for the trial court's order.

This is a vexatious litigant appeal and the criteria for a trial court's decision to declare someone a vexatious litigant is based on "black and white law". Additionally, the Appellee's testimony in the Reporter's Record clearly shows the district court relied on what was said by the Appellee as well as their exhibits allowed into the hearing against my opposition. The Reporter's Record is part of my appellant record.

**B.     Notice**: There is a clear disconnect between the judgment and the facts presented in my brief pertaining to notice. I did "rebut the presumption that notice was received." (Reporters Record). Additionally, the panel incorrectly indicated

on page 6 that I "acknowledge, that the Postal Service placed the motion in her own PO Box and that she was notified it was 'available for pickup' as of March 4, ....." "Jones also testified that she could have 'picked (the motion) up and read it.' Moreover, Jones has offered no explanation for why her refusal to pick up her 'available' mail does not constitute constructive notice.

I never made those statements and the record does not reflect that I said them. Refer to my Reply Brief, p 2-5. Reply Brief to Appellees Markel, etc. was filed October 14, 2014 and is part of the record. It will clear up some of the errors made in the panel's opinion.

Additionally, the panel's choice of words "refusal" to pick up her "available" mail is not anything that I said at the hearing but something gleaned from the Appellees' testimony during the hearing. I did not refuse to pick up my mail and there is no evidence of same. The panel failed to address what is considered "delivered" by the United States Postal Service and my argument on that point is in my briefs. The Appellee chose to use the United States Post Office to send me a certified mail notice and no other form of delivery was conducted; therefore, the "delivered" language is one determined by the United States Postal Service and not the Appellees.

**C. Vexatious litigant.** The panel states that I "primarily challenges the trial court's determination that she is a vexatious litigant." I filed this appeal because the trial court incorrectly declared me a vexatious litigant without meeting the criteria of the vexatious litigant guidelines. If a person is charged of murder or stealing or committing any crime of moral turpitude, you first have to prove it based on the criteria for that particular crime. Before the trial court can determine me a vexatious litigant, the guidelines have to be followed and they were not. Just because someone say you are a vexatious litigant doesn't make it so. You have to prove it and it wasn't proven that I am a vexatious litigant because I am not. If statuary elements are met yes but they were not met in my case. The evidence presented at the trial by the Appellees was inflammatory, unsubstantiated and irrelevant to the vexatious litigant motion for the most part—all of which was captured by the court reporter and made a part of my argument and my appellant record, written about at length in both my initial brief and my subsequent reply brief responding o the Appellees Markel, etc. What was said in that court room by the Appellees is what influenced the court to rule in their favor without giving me an opportunity to properly defend myself. The full recount of that event is in my brief and reply brief which is missing from this opinion. The trial court was exposed to the Appellees' rhetoric but where is it in this opinion?

1. **No reasonable probability of prevailing -** There is a clear disconnect between the judgment and the facts presented in my brief where I clearly state on page 13 of my brief that "I have never sued any of the Appellee's named in this lawsuit before; therefore, it is impossible to have a res judicata issue in my lawsuit against the Appellees. Additionally I filed this lawsuit within the 2 year statute of limitations for conspiracy, which is what my cause of action is for this lawsuit, "Conspiracy with their client to commit fraud on a non-client." Conspiracy is a cause of action and it has a two-year statute of limitations. I have never sued these Appellees for conspiracy before. The Appellees clearly tried to connect themselves to their client for the purposes of creating a res judicata issue but I dispelled it. I was very clear on what my lawsuit was pertaining to and it is clear that I never said it was fraud but "conspiracy to commit fraud with their client on a third-party, Plaintiff Harvella Jones" stated throughout my brief and stated on my complaint. Also I cited Likover v. Sunflower, in which the court opined "we are not here concerned with whether Likover and the Ritters actually exerted duress on Sunflower Terrace, Ltd., or actually defrauded them. *The findings are that there was a conspiracy to do these things and that the conspiracy resulted in injury.*" The record before this court totally supports my complaint..

Additionally, my complaint gave a chronology of events leading up to the moment of conspiracy from which my lawsuit was filed and I also have the right to

amend it further as my lawsuit progresses after discovery, possibly adding additional charges; however, "my petition as pled gave 'fair notice' and in Texas, the standard for pleading is 'fair notice'. This has been an ongoing conspiracy issue with the association and that is why my complaint gave a historical account of the events leading up to the filing of *this* lawsuit. The last act taking place in 2013, which I duly noted in my complaint and which falls within my 2-year statute of limitations for conspiracy.

The panel misunderstood the *fraud* issue was against the *association not the Appellees*. This is not a fraud case against the Appellees. I don't have a fraud claim against them. It is a *"conspiracy* to commit fraud" case against them. I filed my lawsuit against the Appellees on January 13, 2014. The furthest away from that date would be January 13, 2012 backward and of course, 2 years forward. The last act of conspiracy (to my knowledge without the benefit of discovery) was in 2013. I was well within my filing timeframe. Likover was not cited to apply an exception to delay accrual or toll limitations, it was cited to support my "conspiracy" claim as the Appellees seem to think conspiracy is not a cause of action recognized by the state of Texas. Therefore, there were errors of fact which led to an error of law in the panel's opinion.

**2. <u>Commencing or maintaining five litigations under section 11.054(1)</u> –** Once again there is a clear disconnect between the judgment and the facts presented in my brief and the Appellee's own evidence and the case law *Retzlaff* that everyone has relied upon. In Retzlaff at 700, "the mandamus proceeding 'was a separate, original proceeding that did not challenge the trial court's final decision in the underlying case or relate to the merits of the underlying case," and that is why it can be considered a separate case. The panel overlooked page 312 of CR (01 of 01) FLD052114 in which I clearly talked about the "merits of the underlying case" Therefore, #5 and #6 are erroneously listed now by the panel as well as by the Appellee and no case law supports their theory. No 2 should not have been listed; however, at most would be four cases, which is not enough to support prong two of the vexatious litigate requirement. Two key errors which would support a rehearing or reconsideration were made in the panel's opinion.

**D. <u>Additional subissues</u> –** The panel comments on my failure to preserve the error of the abatement of my lawsuit in trial court when it was not revealed that my lawsuit would be abated until "*after*" the hearing was over as the judge ended the hearing to make a decision "under advisement" and made it out of the presence of the hearing; therefore, it could not be preserved at the hearing. P. 84 RR (01 of 01) FLD 081114. In regard to the reporter's record, the panel chose a criminal case in

which the inmate eventually won out of Corpus Christi (and they state I get no new trial) so not sure the purpose of citing that case law in their opinion.

## Vexatious Litigate statute is a two-prong statute

There is no argument nor disagreement among the panel, the Appellee and I that the vexatious litigate statute has two prongs to it because it does. First you have to have "a reasonable probability" to win "*and*"…..This is a very important "*and*". It can't be a see saw. It has to be a scale of justice—balanced. Simply stated the panel erred in the first prong as well as in the second prong. I previously stated how the errors occurred. I can win my case and I didn't have 5 vexatious litigant cases. The facts do not lead to the conclusion arrived by the panel that I am a vexatious litigant. It didn't support the Appellees nor the trial court either. The rubber band is not fitting around the 2-prong package regardless of how hard you pull on it to try to make it fit. It also appears my Reply Brief was not considered in this opinion. The errors made of fact which led to errors of law demand that this be reheard or reconsidered in all fairness to my Constitutional right to have an unblocked path to due process. There simply isn't any legal sufficient evidence to support the finding that I am a vexatious litigant. Therefore, it is relevant that a fresh set of unbiased court eyes be placed on this appeal.

## CONCLUSION

Statistically speaking I am aware of the low percentage of Motions to Rehearing and En Banc Reconsiderations being granted by this court; however, due to the factual errors made by the panel regarding what I sued about and the errors made in the case count, I am entitled to a rehearing or reconsideration.

The constitutional due process for everyone who come before the court with a valid claim to be heard certainly applies in my case. I obviously have filed my own lawsuit under the laws of the State of Texas and Federal laws giving one pro se rights. I have limited income that was verified in the lower court so producing $20,000 each time I need to protect my civil rights, property rights, Constitutional rights in this state, should be weighed carefully and each detail and uncertainty should be weighed correctly before nailing my coffin shut.

This is my appeal and I studied and researched the laws covering it and I understand the vexatious litigant guidelines. I am under five cases with four being the maximum you can get out of it regardless of how hard you try and the record is clear about what I sued these Appellees for, I was clear this is about conspiracy.

Does my complaint need to be amended? Perhaps but it is clear enough to give fair notice and that is my minimum requirement in the state of Texas.

I realize this court have a multitude of cases it has to read and decide on but saving one's home from an illegal foreclosure is a lawsuit worth allowing a homeowner to pursue before a jury consisting of its peers. The judge in the lower court was greatly influenced by the vilification of me by the Appellees going back to the very first case I filed in a Texas court which was decades prior to the seven (7) years permitted under Texas law, yet none of that was mentioned in the panel's opinion. (Exhibit 1 attached and incorporated as though fully copied) It was necessary for me to file a brief and then a reply brief because of all the misstatements and untruths contained in the Appellee's brief. Just because the Appellees are all licensed attorneys does not make them correct in their position but it does make them desperate to shut me down. This is the third case I have had before this court (the previous two counted against me in this vexatious litigant count) and each one made crucial errors that if fixed would have reversed the decisions and given me the wins I deserved. I am poor, I am not an attorney, but that doesn't make me wrong or precluded from a fair trial on the merits of my case.

## PRAYER

For these reasons, I ask this court to rehear and reconsider what I have pointed out in this combined motion and I am confident thru prayer that the panel will recognize their errors and do the correct thing by reversing the lower court's decision and restoring my lawsuit on the district court's docket.

Respectfully submitted,

Harvella Jones, PRO SE
POB 1702
Richmond, TX 77406
(281) 690-8793

# VERIFICATION

State of Texas )
)
Fort Bend County )

Before me, the undersigned notary, on this day personally appeared Harvella Jones, the affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant testified:

"My name is Harvella Jones, I am over 18 years of age, of sound mind, and capable of making this verification. I have read the attached Appellant's Motion to for Rehearing and Motion for En Banc Reconsideration and the facts I stated in the attached document are within my personal knowledge and are true and correct."

Harvella Jones

Sworn to and subscribed before me by ____Harvella Jones____ on July 6 , 2015.

CHEVELE SIMPSON
Notary Public
State of Texas
My Comm. Expires 03-22-2016

Notary Public in and for
The State of Texas

My commission expires: 3/22/2016

No. 14-14-00216-CV

IN THE COURT OF APPEALS
FOR THE FOURTEENTH JUDICIAL DISTRICT OF TEXAS

---

HARVELLA JONES
Appellant

V.

Marc D. Markel; Clayton R. Hearn; Amy M. Vanhoose; Dawn S. Holiday; Clinton Faver Brown and Roberts Markel Weinberg Butler Hailey PC aka Roberts Markel Weinberg PC aka Roberts Markel PC aka Roberts Markel Guerry, PC

Appellees

---

APPELLANT'S CERTIFICATE OF SERVICE

---

I hereby certify that a true and correct copy of the Appellant's Motion for Rehearing and Motion for En Banc Reconsideration was mailed July 6, 2015, to Appellees/Defendants below % of their attorney by placing into a United States Mailbox pursuant to T.R.C.P. 21:

Attorney Frank O. Carroll, III via **(Regular U.S.Mail)**
Roberts, Markel PC
2800 Post Oak Blvd. 57th Floor
Houston, TX 77056

Attorney Thomas M. Pickford (representing Thi "Nina" Tran and James H. Leeland)
Hoover Slovacek, LLP   **(Regular U.S. Mail)**

Galleria Tower H
5051 Westheimer, Suite 1200
Houston, TX 77056

Gregg S. Weinberg  (**Regular US Mail**)
Roberts Markel PC
2800 Post Oak Blvd.
57th Floor
Houston, TX 77056


Attorney Jonathan C. Anderson (**Regular U.S.Mail**)
1600 Highway 6 Ste 200
Sugar Land, Texas 77478-4956

Dawn Shree Holiday  (**Regular U.S.Mail**)
Roberts Markel PC
2800 Post Oak Blvd.
57th Floor
Houston, TX 77056

Harvella Jones, PRO SE

## CERTIFICATE OF COMPLIANCE`

This is to certify that this document is in compliance with TRAP 9.4(i)(3) and contain 3,234 words and 18,709 characters with spaces (excluding identify of parties and counsel, table of contents, index of authorities, statement of the case, statement of issues presented, proof of service, certificate of compliance, appendix and any other section not required to be a part of this certificate.)

HARVELLA JONES, pro se
P.O. Box 1702
Richmond, Texas 77406
281-690-8793

Affirmed and Memorandum Opinion filed June 23, 2015.



In the

## Fourteenth Court of Appeals

_____

NO. 14-14-00216-CV

_____

**HARVELLA JONES, Appellant**

**V.**

**MARC D. MARKEL, CLAYTON R. HEARN, AMY M. VANHOOSE,
DAWN S. HOLIDAY, CLINTON FAVER BROWN, AND ROBERTS
MARKEL WEINBERG BUTLER HAILEY, PC AKA ROBERTS MARKEL
WEINBERG PC AKA ROBERTS MARKEL PC, Appellees**

On Appeal from the County Court at Law No. 2
Fort Bend County, Texas
Trial Court Cause No. 14-CCV-052079

**M E M O R A N D U M   O P I N I O N**

Appellant Harvella Jones argues that the trial court abused its discretion in declaring her a vexatious litigant without the statutory findings required pursuant to Texas Civil Practice and Remedies Code chapter 11. We affirm.

EXhiBiT 1

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In January 2014, Jones filed the present lawsuit against Marc D. Markel, Clayton R. Hearn, Amy M. Vanhoose, Dawn S. Holiday, Clinton Faver Brown, Thi "Nina" Tran, James H. Leeland, Jonathan Anderson, and Roberts Markel Weinberg Butler Hailey PC aka Roberts Markel Weinberg PC aka Roberts Markel PC aka Roberts Markel Guerry PC.  Jones brought a claim of fraud and conspiracy to commit fraud, alleging that the defendants, who at various times represented the Villages of Town Center Owners Association, Inc., conspired to commit fraud upon her to conceal the "true proxy count" of the resolution passed by the association when it annexed her property in 2002.

In February 2014, Markel, Hearn, Vanhoose, Holiday, Brown, and Roberts Markel Weinberg Butler Hailey PC (the Markel appellees) filed a motion to declare Jones a vexatious litigant.  Tran, Leeland, and Anderson did not join in the motion.[1]  The trial court conducted a hearing on March 11, 2014.  At the hearing, Jones protested that she had not received notice of the vexatious litigant motion and of the hearing, and requested time to prepare a response.

On March 12, 2014, the trial court granted the motion, declaring Jones a

---

[1] Jones noticed her appeal from the trial court's March 12, 2014 order granting the Markel appellees' motion.  The record also indicates Jones conferred with Tran and Leeland's attorney and requested Tran and Leeland withdraw their request that certain material be included in the clerk's record because Tran and Leeland "are not" "included in the appeal."

Jones did not name Tran, Leeland, and Anderson as appellees in her brief.  Tran and Leeland filed a brief as appellees, and Jones filed a separate reply brief as to them.  Anderson did not file anything.  "An appellee . . . must be someone against whom the appellant raises issues or points of error in the appellant's brief." *Showbiz Multimedia, LLC v. Mountain States Mortg. Ctrs., Inc.*, 303 S.W.3d 769, 771 n.3 (Tex. App.—Houston [1st Dist.] 2009, no pet.).  Because Jones's issue concerns the trial court's actions in connection with the Markel appellees' vexatious litigant motion, which is consistent with her not naming Tran, Leeland, and Anderson in her brief as appellees, we do not consider them as parties to this appeal.  *See id.* (noting that "an appellee need not be definitively identified until the appellant's brief is filed").

vexatious litigant, requiring her to post a bond as security, continuing abatement of the lawsuit, and prohibiting her from filing new pro se litigation without permission from a local administrative judge. The record below reveals the following regarding Jones's prior involvement in various court proceedings:

- In 2005, Jones filed a lawsuit against the association in the 240th Judicial District Court of Fort Bend County, Texas. Jones disputed the legality of the 2002 annexation of her property by the association due to lack of a quorum. After a trial, the trial court found that a proper quorum existed, and signed its final judgment on November 10, 2005.

- In 2006, Jones along with 35 other plaintiffs filed a lawsuit against the association in the 240th Judicial District Court of Fort Bend County, Texas. Jones sought a declaratory judgment that the 2002 annexation was illegal because the association committed fraud. The trial court dismissed this case on August 9, 2006, and the First Court of Appeals dismissed the appeal on June 21, 2007.

- In 2008, Jones filed a lawsuit against Compass Bank in the 434th Judicial District Court of Fort Bend County, Texas. The suit was removed to the Southern District of Texas and dismissed with prejudice on November 26, 2008. The Fifth Circuit upheld the dismissal on July 30, 2009.

- Sometime after November 8, 2010, Jones filed an appeal in the U.S. Court of Appeals Federal Circuit in which she disputed a U.S. Court of Appeals for Veteran Claims ruling. The Federal Circuit affirmed the lower court's ruling against Jones on September 20, 2011.

- In 2011, Jones filed a lawsuit against the association in the 240th Judicial District Court of Fort Bend County, Texas. Jones sought a declaratory judgment that the 2002 annexation was illegal because there were not enough votes to pass the annexation. The trial court granted traditional summary judgment in favor of the association based on res judicata on February 28, 2012, which ruling this court upheld. *Jones v. Villages of Town Ctr. Owners Ass'n*, No. 14-12-00306-CV, 2013 WL 2456873, at *5, 7 (Tex. App.—Houston [14th Dist.]

3

June 6, 2013, pet. denied) (mem. op.).

- In 2012, Jones filed a lawsuit for libel and business disparagement against Michael Fitzmaurice and others (collectively, Fitzmaurice) in the 155th Judicial District Court of Waller County, Texas. Fitzmaurice filed a motion to dismiss based on the Anti-SLAPP statute,[2] which the trial court denied. Fitzmaurice appealed, and this court reversed and remanded for the trial court to dismiss the case and award attorney's fees to Fitzmaurice. *Fitzmaurice v. Jones*, 417 S.W.3d 627, 634 (Tex. App.—Houston [14th Dist.] 2013, no pet.). The trial court signed its final order dismissing the case on January 23, 2014.

- In 2013, Jones filed a petition for writ of mandamus in the Supreme Court of Texas where the respondent was Judge Thomas Culver of the 240th Judicial District Court of Fort Bend County, Texas, and the real party in interest was the association. The Supreme Court of Texas denied Jones's petition on September 20, 2013.

- Also in 2013, Jones filed a petition for writ of mandamus in the Supreme Court of Texas where the respondent was Judge Jeff Steinhauser of the 155th Judicial District Court of Waller County, Texas, and the real party in interest was Fitzmaurice. The Supreme Court of Texas denied Jones's petition on January 3, 2014.

On appeal, Jones contends that the trial court abused its discretion because the facts and the law do not support the court's decision to grant the Markel appellees' motion to declare Jones a vexatious litigant. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.101(c) (West, Westlaw through 2015 R. Sess.).

---

[2] Chapter 27 of the Texas Civil Practice and Remedies Code is the Texas Anti-SLAPP statute, where SLAPP is an acronym for "Strategic Lawsuits Against Public Participation." *Jardin v. Marklund*, 431 S.W.3d 765, 767, 769 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

## II.     ANALYSIS

### A.     Standard of review

We review a trial court's determination that a plaintiff is a vexatious litigant for an abuse of discretion. *Cantu v. Dominguez*, No. 14-08-00156-CV, 2009 WL 3365854, at *4 (Tex. App.—Houston [14th Dist.] Sept. 10, 2009, pet. denied) (mem. op.). "A trial court abuses its discretion when it rules arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence." *Id.* (citing *Leonard v. Abbott*, 171 S.W.3d 451, 459 (Tex. App.—Austin 2005, pet. denied)).

The trial court's order in this case does not recite any findings. It states that the court heard and granted the motion to declare Jones a vexatious litigant. When the trial court does not specify the basis for its decision, we must affirm the order if it is correct on any legal theory supported by the record. *Douglas v. Elliott*, No. 14-12-01025-CV, 2014 WL 1410190, at *5 (Tex. App.—Houston [14th Dist.] Apr. 10, 2014, no pet.) (mem. op.); *see Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam); *Bilnoski v. Pizza Inn, Inc.*, 858 S.W.2d 55, 58 (Tex. App.—Houston [14th Dist.] 1993, no writ).

### B.     Notice

As a subissue, Jones argues that she did not receive notice of the Markel appellees' motion to declare her a vexatious litigant. Jones contends that she received the notice on March 12, after the hearing took place. The Markel appellees respond that Jones has not rebutted the presumption of proper notice based on their certificate of service. They further argue even if Jones did not receive actual notice, then sufficient constructive notice exists where the record indicates that the motion was "available for pickup" but Jones chose not to do so.

5

Rule 21a authorizes service in person, by agent, by courier-receipted delivery, or by certified or registered mail, to the party's last known address. Tex. R. Civ. P. 21a; *Jacobs v. Jacobs*, 448 S.W.3d 626, 632 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Service by certified mail is complete when the documents are deposited in a properly addressed envelope, postage prepaid, in a post office or official depository of the United States Postal Service. Tex. R. Civ. P. 21a; *Jacobs*, 448 S.W.3d at 632. A certificate of service by an attorney of record is prima facie evidence of the fact of service, and creates a presumption of receipt, rebuttable through proof of nonreceipt. *See* Tex. R. Civ. P. 21a(e); *Mayfield v. Fullhart*, 444 S.W.3d 222, 226 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). "The opposing party may present evidence to rebut the presumption that notice was received." *Jacobs*, 448 S.W.3d at 632.

The serving party also may establish "constructive notice" by demonstrating compliance with rule 21a and presenting evidence that the intended recipient engaged in instances of selective acceptance or refusal of certified mail relating to the case. *Id.* at 632, 635 (concluding there was "some record evidence of the method and manner of . . . service, and that [party] avoided service and refused delivery of certified mail to a valid business address to support constructive notice").

The Markel appellees' certificate of service states that Jones was served as of February 28 by certified mail, return receipt requested, and provides the tracking number, creating the presumption of receipt. However, even allowing that Jones did not receive actual notice of the motion and hearing until March 12, she had sufficient constructive notice. At the hearing, the Markel appellees presented a printout, and Jones acknowledged, that the Postal Service placed the motion in her own P.O. Box and that she was notified it was "available for pickup" as of March

6

4, more than three days prior to the March 11 hearing. *See* Tex. R. App. P. 21. Jones also testified that she could have "picked [the motion] up and read it." Moreover, Jones has offered no explanation for why her refusal to pick up her "available" mail does not constitute constructive notice. *See Jacobs*, 448 S.W.3d at 635.

Under these circumstances, we conclude that the record reveals some evidence to support the trial court's implicit finding—imputing constructive notice of the vexatious-litigant hearing to Jones. *See id.* Therefore, the trial court did not abuse its discretion, and we overrule this subissue.

## C. Vexatious litigant

Jones primarily challenges the trial court's determination that she is a vexatious litigant. In particular, Jones asserts that the trial court abused its discretion by granting the Markel appellees' motion "'without' the statutory findings" under chapter 11 of the Texas Civil Practice and Remedies Code. The Markel appellees respond that their evidence meets the statutory requirements.

Chapter 11 of the Texas Civil Practice and Remedies Code governs lawsuits brought by vexatious litigants. *Douglas v. Redmond*, No. 14-12-00259-CV, 2012 WL 5921200, at *5 (Tex. App.—Houston [14th Dist.] Nov. 27, 2012, pet. denied) (mem. op.). Under chapter 11, a trial court "may find a plaintiff a vexatious litigant" if certain statutory elements are met. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.054 (West, Westlaw through 2015 R. Sess.). If the trial court determines, based on evidence presented at a hearing, that the plaintiff is a vexatious litigant, it must order her to furnish security for the benefit of the moving defendants in an amount related to the costs and attorneys' fees the defendants anticipate incurring in defending the litigation. *See id.* § 11.055 (West, Westlaw

through 2015 R. Sess.). If the plaintiff fails to furnish the court-ordered security by the time set in the order, the court must dismiss the suit as to the moving defendants. *See id.* § 11.056 (West, Westlaw through 2015 R. Sess.). The court also may enter a prefiling order prohibiting a plaintiff from filing, pro se, a new lawsuit in state court without leave of the local administrative judge. *See id.* § 11.101 (West, Westlaw through 2015 R. Sess.).

Two requirements must be satisfied before a trial court may declare a plaintiff a vexatious litigant. *See id.* § 11.054; *Elliot*, 2014 WL 1410190, at *4. First, the defendant must show there is not a reasonable probability that the plaintiff will prevail in the litigation. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.054; *Elliot*, 2014 WL 1410190, at *4.

Second, the defendant must show one of three statutory circumstances:

(1) the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion, has commenced, prosecuted, or maintained as a pro se litigant at least five litigations other than in a small claims court that have been:

> (A) finally determined adversely to the plaintiff;
>
> (B) permitted to remain pending at least two years without having been brought to trial or hearing; or
>
> (C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure;

(2) after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, pro se, either:

> (A) the validity of the determination against the same defendant as to whom the litigation was finally determined, or
>
> (B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined; or

8

(3) the plaintiff has previously been declared to be a vexatious litigant by a state or federal court in an action or proceeding based on the same or substantially similar facts, transition, or occurrence.

Tex. Civ. Prac. & Rem. Code Ann. § 11.054; *see also Elliot*, 2014 WL 1410190, at *4–5 (applying former version containing "in propria persona" instead of "pro se" language).

Because a trial court may exercise its discretion to declare a party a vexatious litigant (as it did here) only if the defendant has made the required showings, we imply findings that the requirements have been met, and we review those findings for legal and factual sufficiency. *See Leonard*, 171 S.W.3d at 459; *see also Redmond*, 2012 WL 5921200, at *6 (considering "whether the evidence was sufficient to support the trial court's declaration").

### 1. No reasonable probability of prevailing

In their motion, the defendants argued that Jones had no reasonable probability of prevailing in the present suit due to res judicata or the running of the statute of limitations for fraud. We conclude the record supports an implied finding that Jones had no reasonable probability of prevailing due to limitations.

Texas law prescribes a four-year statute of limitations for fraud actions.[3] *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a) (West, Westlaw through 2015 R.

---

[3] In their motion, the Markel appellees argued that Jones's conspiracy claim was not a separate cause of action apart from fraud and did not argue that any other statute of limitations applied. On appeal, Jones consistently characterizes her claim against the defendants as "conspiracy to commit fraud with their client on a third-party, Plaintiff Harvella Jones." Although the precise nature of Jones's claims is not before us, we note this court has recognized that a two-year statute of limitations applies to conspiracy-to-defraud claims. *See Navarro v. Grant Thornton, LLP*, 316 S.W.3d 715, 719 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (discussing binding precedent in this court applying section 16.003 to conspiracy-to-defraud claims).

Sess.); *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 216 (Tex. 2011); *Seureau v. ExxonMobil Corp.*, 274 S.W.3d 206, 226 (Tex. App.—Houston [14th Dist.] 2008, no pet.). A cause of action for fraud accrues on the date that the fraud is perpetrated—when the defendant makes the allegedly false representations. *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988); *Seureau*, 274 S.W.3d at 226. If the fraud is concealed, however, "[t]he statute of limitations for fraud begins to run from the time the party knew of the misrepresentation." *Emerald Oil*, 348 S.W.3d at 216 (citing *Little v. Smith*, 943 S.W.2d 414, 420 (Tex. 1997)); *see Seureau*, 274 S.W.3d at 227–28.

Jones's fraud claim arises from alleged misrepresentations related to the number of proxy votes cast for the 2002 annexation. Consequently, Jones's cause of action accrued when the defendants allegedly misrepresented the proxy vote. According to Jones, defendant Markel of defendant Roberts Markel Weinberg Butler Hailey PC allegedly misrepresented the proxy count sometime before Jones decided to pursue the quorum issue in her 2005 lawsuit. Therefore, Jones's fraud cause of action accrued sometime in 2005, which was the earliest the defendants allegedly made false representations as to the proxy count. Defendants working for the same defendant firm allegedly also were involved in misrepresenting such proxy count during trial of the 2005 lawsuit, and allegedly continued to perpetuate the false proxy count through two additional lawsuits filed by Jones and others, in 2006 and 2011.

"Irrespective of the potential effect of fraudulent concealment . . . on limitations, actual knowledge of alleged injury-causing conduct starts the clock on the limitations period." *Emerald Oil*, 348 S.W.3d at 209. According to Jones, she discovered the true, much-lower proxy count on her own in 2009. Indeed, after this discovery, in 2011, Jones filed a declaratory judgment action against the

10

association alleging the annexation was illegal because the association did not have enough votes to pass the 2002 annexation. Therefore, even if tolling based on fraudulent concealment could apply here (which we need not decide), Jones had sufficient knowledge in 2009 that the defendants had misrepresented the proxy count.

Jones cites *Likover v. Sunflower Terrace II, Ltd.*, apparently in support of applying an exception to delay accrual or toll limitations in her case. *Likover* (and its progeny) provides that attorneys may be liable for fraud if they knowingly commit a fraudulent act that injures a third person, or knowingly enter into a conspiracy to defraud a third person while representing their client. 696 S.W.2d 468, 472 (Tex. App.—Houston [1st Dist.] 1985, no writ); *see also Gaia Envtl., Inc. v. Galbraith*, 451 S.W.3d 398, 404 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (discussing cases). While *Likover* certainly provides a basis for third parties to bring fraud claims against attorneys, *Likover* does not provide for any exception to the application of limitations simply because the fraud involved attorneys, and we have not discovered any case that does. Here, no exception applies to toll the statute or extend the accrual date any later than sometime in 2009. Since Jones did not bring this lawsuit until January 13, 2014, more than four years after the statute began to run, her fraud claim is time barred. *See Seureau*, 274 S.W.3d at 227, 229–30.

We conclude there is legally sufficient evidence to support the finding that there is not a reasonable probability that Jones will prevail in the litigation against the defendants, and such finding is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.054; *Elliot*, 2014 WL 1410190, at *5; *Leonard*, 171 S.W.3d at 460. Therefore, the trial court could have implicitly found the first requirement under

11

section 11.054 satisfied. *See Elliot*, 2014 WL 1410190, at *5 (judicial immunity in constitutional violation case); *see also Redmond*, 2012 WL 5921200, at *7 (no duty existed and case law foreclosed recovery in professional negligence case).

## 2. Commencing or maintaining five litigations under section 11.054(1)

Next, we consider whether the record supports an implied finding that the Markel appellees proved the second requirement.[4]

A trial court may find a plaintiff is a vexatious litigant if the plaintiff, pro se, has commenced or maintained five litigations in a court of record, all of which were within seven years of the defendant's motion and were adversely determined against the plaintiff. Tex. Civ. Prac. & Rem. Code Ann. § 11.054(1)(A). Chapter 11 defines a "litigation" as "a civil action commenced, maintained, or pending in any state or federal court." *Id.* § 11.001(2) (West, Westlaw through 2015 R. Sess.). "The language of these statutes plainly encompasses appeals. . . . [A] person who files a notice of appeal is maintaining litigation." *Retzlaff v. GoAmerica Comm'ns Corp.*, 356 S.W.3d 689, 699 (Tex. App.—El Paso 2011, no pet.). In addition, "a person who seeks mandamus relief commences a civil action in the appellate court." *Id.* at 700. In *Retzlaff*, a denial of a mandamus petition aimed at a trial judge's refusal to rule on motions counted as a separate adverse determination for purposes of section 11.054(1). *Id.* at 701. The court of appeals noted it was a "separate, original proceeding that did not challenge the trial court's final decision in the underlying case or relate to the merits of the underlying case." *Id.* at 700.

To satisfy the second requirement, the Markel appellees offered multiple

---

[4] In their vexatious litigant motion, the Markel appellees also argued that Jones's litigation activities met subsection (2) of section 11.054. Because we conclude that the trial court properly could have determined that Jones fell within subsection (1), we do not reach this alternative ground. *See* Tex. R. App. P. 47.1.

exhibits[5] in an attempt to show that Jones commenced or maintained six litigations after February 28, 2007, which is seven years prior to when the Markel appellees filed their vexatious litigant motion:

(1) Jones's litigation against Compass Bank, filed July 30, 2008;

(2) Jones's litigation against the Secretary of Veterans Affairs, Federal Circuit appeal noticed sometime after November 8, 2010;

(3) Jones's litigation against the association, filed August 9, 2011;

(4) Jones's litigation against Fitzmaurice, filed June 28, 2012;

(5) Jones's mandamus proceeding where the association was the real party in interest, filed August 12, 2013; and

(6) Jones's mandamus proceeding where Fitzmaurice was the real party in interest, filed November 21, 2013.

Jones argues that the Markel appellees did not show the requisite five litigations in the seven-year period under the statute because numbers 2, 3, 5, and 6 should not be counted.[6] First, with regard to number 2, Jones asserts that she was represented by counsel in her claim seeking Veterans benefits after her husband's death, and that such pension claim was commenced in 2004. However, the record reflects that sometime after November 8, 2010, which falls within the seven-year period, Jones brought a pro se appeal, which counts as maintaining a litigation pro se. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.054(1); *Retzlaff*, 356 S.W.3d 689 at 700. Therefore, number 2 counts as one litigation.

Next, Jones argues that number 3 should not be counted essentially because it involved fraud. The statute does not provide for any exception based on fraud.

---

[5] These exhibits included various trial and appellate state and federal court filings, orders, judgments, opinions, and notices. The trial court overruled Jones's relevancy objection, and Jones does not challenge this ruling on appeal.

[6] Jones does not dispute that numbers 1 and 4 should be counted.

*See* Tex. Civ. Prac. & Rem. Code Ann. § 11.054(1); *Leonard*, 171 S.W.3d at 459 (noting that "the statute only excludes litigation filed in small claims court" in rejecting plaintiff's argument election contest should not be counted). Jones provides, and we have uncovered, no authority to support her position that fraud cases do not count under section 11.054(1). Therefore, number 3 counts as one litigation.

With regard to numbers 5 and 6, Jones argues that the two petitions for writs of mandamus she filed in the Supreme Court of Texas should not be separately counted in addition to the litigation against the association, number 3, and the litigation against Fitzmaurice, number 4. Without explanation, Jones argues that her writs did not fall within *Retzlaff* because they challenged "the trial court's final decision in the underlying case or relate[d] to the merits of the underlying case." She also notes that she initiated her writs in the court of appeals, not in the trial court. We need not decide whether both mandamus proceedings count as separate litigations because we conclude that number 6 does, meeting the five-litigation threshold for section 11.054(1). *See Retzlaff*, 356 S.W.3d at 699.

In *Retzlaff*, the court of appeals indicated that where a mandamus proceeding did not relate to the merits of or challenge the trial court's final decision in the underlying case, it may be counted for purposes of section 11.054(1). *Id.* at 701. *Retzlaff* did not, however, indicate that whether the mandamus petition was filed in the court of appeals or the Supreme Court would affect, much less preclude, whether the proceeding counted. In her mandamus petition involving Fitzmaurice as the real party in interest, Jones complained of this court's error in reversing the trial court's denial of Fitzmaurice's motion to dismiss "because discovery was stayed." As in the mandamus proceeding at issue in *Retzlaff*, Jones did not attack the merits of the underlying case. Nor did Jones's petition relate to the trial court's

14

final decision in the underlying case—the trial court did not issue its final order until after the Supreme Court denied her petition. Therefore, as in *Reztlaff*, where the appellate court counted both an appeal and a mandamus proceeding arising from the same underlying case, we conclude it is proper to separately count both numbers 4 and 6.[7] *See id.*

On this record, Jones's litigation against Compass Bank counts as one litigation; Jones's litigation against the Secretary of Veterans Affairs counts as one litigation; Jones's litigation against the association counts as one litigation; Jones's litigation against Fitzmaurice counts as one litigation; and Jones's mandamus proceeding where the real party in interest was Fitzmaurice counts as one litigation, totaling five litigations as a pro se litigant within the seven-year period. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.054(1). And although Jones does not complain that any of these litigations were not "finally determined adversely" to her, the record confirms these five litigations also meet this qualification. *See id.* § 11.054(1)(A).

We conclude there is legally sufficient evidence to support the finding that in the seven years preceding the Markel appellees' filing their motion, Jones had commenced, prosecuted, or maintained at least five lawsuits as a pro se litigant other than in small claims court that were finally determined adversely to her, and such finding is not so contrary to the evidence as to be clearly wrong and unjust. *See id.* § 11.054(1)(A); *Leonard*, 171 S.W.3d at 460. Therefore, the trial court could have implicitly found the second requirement under section 11.054(1)(A) satisfied. *See Redmond*, 2012 WL 5921200, at *7; *Retzlaff*, 356 S.W.3d at 701; *Leonard*, 171 S.W.3d at 459–60.

---

[7] Also as in *Retzlaff*, no double-counting occurs here where the Markel appellees did not seek to separately count both the trial and appellate portions of Jones's lawsuit against Fitzmaurice. *See* 356 S.W.3d at 700.

With both requirements of section 11.054 satisfied, we conclude that the trial court did not abuse its discretion by declaring Jones a vexatious litigant. *See Elliott*, 2014 WL 1410190, at *5; *Redmond*, 2012 WL 5921200, at *7–8; *Leonard*, 171 S.W.3d at 460.

We overrule Jones's issue.

## D. Additional subissues

In its March 12 order, the trial court ordered continued abatement of the lawsuit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.052 (West, Westlaw through 2015 R. Sess.). For the first time on appeal, Jones asserts that the trial court should not have abated the entire lawsuit because Tran, Leeland, and Anderson did not join in the vexatious litigant motion. To preserve error for appellate review, a timely and reasonably specific objection, followed by an adverse ruling, is required. Tex. R. App. P. 33.1(a). The record fails to reveal that Jones raised this complaint in the trial court. Therefore, Jones has waived this subissue on appeal. *See id.*

Next, Jones asserts that the filed reporter's record "has content that differ[s]" from the hearing. Without any citation to the record, Jones claims she requested an audio copy of the March 11 hearing but was informed that it was destroyed. Absent proof, Jones is not entitled to a new trial. *See Houser v. McElveen*, No. 13-05-00426-CV, 2010 WL 1256054, at *4 (Tex. App.—Corpus Christi Apr. 1, 2010, pet. denied) (mem. op.) (citing Tex. R. App. P. 34.6(f)). We overrule this subissue.

### III. CONCLUSION

Accordingly, having disposed of Jones's issue and subissues, we affirm the trial court's order.

/s/    Marc W. Brown
        Justice

Panel consists of Justices Jamison, Busby, and Brown.



# JUDGMENT

## 𝕿𝖍𝖊 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

HARVELLA JONES, Appellant

NO. 14-14-00216-CV                    V.

MARC D. MARKEL, CLAYTON R. HEARN, AMY M. VANHOOSE, DAWN S. HOLIDAY, CLINTON FAVER BROWN, AND ROBERTS MARKEL WEINBERG BUTLER HAILEY, PC AKA ROBERTS MARKEL WEINBERG PC AKA ROBERTS MARKEL PC, Appellees

---

This cause, an appeal from the order declaring appellant Harvella Jones a vexatious litigant, in favor of appellees Marc D. Markel, Clayton R. Hearn, Amy M. Vanhoose, Dawn S. Holiday, Clinton Faver Brown, and Roberts Markel Weinberg Butler Hailey, PC aka Roberts Markel Weinberg PC aka Roberts Markel PC, signed March 12, 2014, was heard on the transcript of the record. We have inspected the record and find no error in the judgment. We order the judgment of the court below **AFFIRMED**.

We order appellant Harvella Jones to pay all costs incurred in this appeal.

We further order this decision certified below for observance.